NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NATIONAL ORGANIZATION OF VETERANS ADVOCATES, INC.,**
*Petitioner,*

**v.**

**SECRETARY OF VETERANS AFFAIRS,**
*Respondent.*

---

2011-7191

---

On petition for review pursuant to 38 U.S.C. Section 502.

---

Before O'MALLEY, PLAGER, and REYNA, *Circuit Judges.*

PLAGER, *Circuit Judge.*

## O R D E R

We are in receipt of the Government's timely Response to the Order to Show Cause issued by this court on March 21, 2013. We note that the Response specifically addresses in detail the four concerns set forth in our Order.

We have carefully reviewed the "Proposed Plan" and draft Notice included in the Response, setting forth the Veterans Administration's (VA) plan for "identifying and

rectifying the harms caused by VA's failure to abide by its representations" to this court and to appellant NOVA. We further note that the Response indicates that counsel for NOVA has reviewed VA's Proposed Plan and draft Notice and supports the proposal.

In its Response, VA proposes issuing the draft Notice to every claimant that had a hearing before the Board and that 1) received a final Board decision 2) that is identified by the relevant search terms 3) in which the claimant did not receive a full grant of relief 4) and which is still within the Board's jurisdiction (i.e., the decision has not been appealed or remanded). Response at 2-3; Proposed Plan at 1-2. VA offers the relief provided in its draft Notice even if relevant deadlines would otherwise have expired. Response at 4.

We express satisfaction with the Government's Response and its timeliness, and we find the Proposed Plan appears to address in a creative and comprehensive way most of the problems for veterans created by the VA's invalid 2011 rule-making. However, to further our consideration of the Proposed Plan, we request clarification of the following three issues:

(1) The VA proposes issuing its Notice to every claimant who "did not receive a full grant of relief and whose decision remains within the Board's jurisdiction (i.e., the decision has not already been appealed or remanded)." Response at 3. We understand the stated jurisdictional limitation to apply exclusively to the two examples given, that is, cases appealed or remanded. If that is not a correct understanding, please clarify.

(2) The VA states that the VA will offer to submit a Joint Motion for Remand for cases that have been appealed to but not yet decided by the Court of Appeals for Veterans Claims (CAVC), so that the Board may correct any application of the 2011

Rule. Response at 4. What are the Government's intentions regarding such cases, if there are any such cases, that have been appealed to the Court of Appeals for the Federal Circuit (CAFC) and not yet decided?

(3) With regard to possible cases in which the Board applied the 2011 Rule against a veteran, and an appellate court (e.g., CAVC, CAFC) subsequently affirmed the Board decision prior to the VA acknowledging the error or moving for a remand, should such cases be uncovered, what are the Government's intentions with respect to them?

We grant the Government a period of twenty (20) days to respond to this Order.

IT IS SO ORDERED

FOR THE COURT

  June 10, 2013          /s/ S. Jay Plager   
Date                 S. Jay Plager
                                 Circuit Judge