# United States Court of Appeals
# for the Federal Circuit

---

**NATIONAL ORGANIZATION OF VETERANS ADVOCATES, INC.,**
*Petitioner,*

**v.**

**SECRETARY OF VETERANS AFFAIRS,**
*Respondent.*

---

2011-7191

---

On petition for review pursuant to 38 U.S.C. Section 502.

---

Decided: August 5, 2013

---

ROMAN MARTINEZ, Latham & Watkins, LLP, of Washington, DC, argued for petitioner.

JOHN J. TODOR, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M. HUGHES, Deputy Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, United States Department of Veterans

Affairs, of Washington, DC, and JONATHAN TAYLOR, Attorney.

---

Before O'MALLEY, PLAGER, AND REYNA, *Circuit Judges.*

PLAGER, *Circuit Judge.*

The National Organization of Veterans' Advocates, Inc. (NOVA) on September 9, 2011 petitioned us to review a rule earlier promulgated by the Department of Veterans Affairs (VA or agency). The rule purported to eliminate certain procedural and appellate rights for veterans appearing before the agency's Board of Veterans' Appeals (Board).

During the course of the appeal it became clear that the new rule was invalid. Consequently, the VA made certain assurances to NOVA and to this court about how the matter would be handled pending resolution of the appeal. It subsequently became clear that these assurances were not honored by the VA. Accordingly, we ordered the Government[1] to show cause why we should not sanction the agency and the responsible individuals.

In response, the Government, conceding error, provided a detailed remedial plan to address the harms created by its conduct. After review of the Government's initial plan, we requested further clarification of certain issues. The Government has further responded with clarification and explanation of additional actions to be taken.

NOVA has indicated its satisfaction with, and agreement to, the plan as now proposed by the Government.

---

[1] The Department of Justice, representing the United States, participated with the VA in the appeal; we refer to both as the "Government."

Before us is the Government's request that we find the proposal sufficient, and that sanctions are not warranted.

## DISCUSSION

The dispute in this case originated from VA's decision to issue an immediately-effective new rule (the "2011 Rule") that eliminated veterans' procedural due process and appellate rights that were previously provided under 38 C.F.R. § 3.103. Rules Governing Hearings Before the Agency of Original Jurisdiction and the Board of Veterans' Appeals; Clarification, 76 Fed. Reg. 52,572-01 (Aug. 23, 2011). NOVA promptly petitioned us to review the 2011 Rule, arguing that VA promulgated it without following the mandatory notice-and-comment requirements of the Administrative Procedure Act, 5 U.S.C. § 500 *et seq*. (APA), set forth in 5 U.S.C. § 553, and that the new rule was harmful to the rights of veterans regarding benefits under the law.

During the briefing process, VA publicly admitted that the 2011 Rule was a violation of the APA, and starting on March 5, 2012, VA petitioned us for multiple enlargements of time so that it could address the matter, including repeal of the Rule. In its petitions, VA committed to us and NOVA that it would not apply the provisions of the 2011 Rule moving forward, and that it would rectify any cases in which it did. Despite repeated commitments to the court and to NOVA, VA failed to perform as promised: first, NOVA discovered that the Board applied the 2011 Rule in a substantial number of cases after March 5, 2012; and second, VA declined to rectify the harms caused by its application of the invalid Rule.

As a result of the VA's conduct, on March 21, 2013, we issued an Order to Show Cause why the VA should not be sanctioned under our inherent and statutory authority for its failure to abide by its commitments to this court and opposing counsel. *Nat'l Org. of Veterans Advocates, Inc. v.*

*Sec'y of Veterans Affairs*, 710 F.3d 1328 (Fed. Cir. 2013).[2] We outlined the various harms caused by the VA's conduct and noted that courts of justice can "fashion appropriate monetary and nonmonetary sanctions to rectify misbehavior." *Id.* at 1335.

In the Order, however, we also noted that sanctions proceedings impose additional burdens on the parties and this court. *Id.* Therefore, as an alternative to entering into sanctions proceedings, we offered to receive and review a submission from the Government that (1) provided a plan explaining how VA intended to identify and rectify harms caused by its conduct, and (2) explained why VA's plan would render sanctions proceedings unnecessary. *Id.* at 1335-36.

On May 20 2013, VA timely submitted a "Proposed Plan" and draft Notice. Under the Proposed Plan, VA agreed to issue the draft Notice to every claimant who had a hearing before the Board and who (1) received a final Board decision (2) that is identified by relevant search terms (3) in which the claimant did not receive a full grant of relief (4) and which is still within the Board's jurisdiction (i.e., the decision has not been appealed or remanded).

The Notice offers to vacate the affected Board decisions and to provide each affected claimant with a new hearing and an opportunity to submit new evidence followed by a new decision. VA offered the relief provided in its Notice even if relevant deadlines would otherwise have expired.

The court, though generally approving of the Proposed Plan, requested that the VA address several unaddressed

---

[2]    Erratum: the following correction should be made on page 10, line 7 of the published Order- "be" should be inserted after "would."

or unclear issues, including how VA would handle any cases that met criteria (1)–(3) above, but fell outside of its jurisdiction. *Nat'l Org. of Veterans Advocates, Inc. v. Sec'y of Veterans Affairs*, 2011-7191, 2013 WL 2462191, *1 (Fed. Cir. June 10, 2013). VA then supplemented its Proposed Plan with clarifications. VA indicated, for example, that it would file a joint motion for remand with the appropriate appellate court(s) (*e.g.*, Court of Appeals for Veterans Claims, Court of Appeals for the Federal Circuit) to regain jurisdiction of cases on appeal. VA also clarified how it would approach any cases affirmed by an appellate court prior to VA requesting remand.

We express satisfaction with the Government's Response, including its supplemental clarifications. We find the Proposed Plan as amended addresses the identified problems for veterans created by the VA's invalid 2011 rule-making and the proceedings conducted thereunder.

We understand that the Board and VA's Office of General Counsel will supervise the implementation of the Plan, and ensure that reevaluations occur in accordance with the Plan. Since the Department of Justice has played an important role in resolving this matter, we assume that the good offices of the Department will continue to be available to the parties to assist in the process.

As was done in the development of the Plan, we expect the VA to collaborate with appellant NOVA throughout the process of implementation, thus assuring that no veteran who is entitled to procedural and due process benefits under 38 C.F.R. § 3.103 will be denied such benefits. We note with some concern that, despite efforts of the Board leadership, the record indicates that some Board judges and attorneys continued to misapply the invalid 2011 Rule even after instructed otherwise. We trust that VA will take firm steps to ensure full compliance by all Board and staff with the Proposed Plan.

CONCLUSION

In light of these commitments by the Government and these understandings, we grant the Government's request that we approve the Plan as amended, and we determine that there is no need for sanctions at this time. The court will retain jurisdiction of this cause pending future consideration of a joint motion by the parties indicating that judicial review is no longer necessary in light of full implementation of the Plan and that all harms to affected veterans have been remedied.

**PLAN APPROVED; NO SANCTIONS**