NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

———————————

**ALEXANDER DOUTHARD, JR.,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

———————————

2013-7138

———————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-3630, Judge William A. Moorman.

———————————

Before NEWMAN, PROST, and REYNA, *Circuit Judges.*

PER CURIAM.

## O R D E R

The Secretary of Veterans Affairs moves to dismiss this appeal as untimely.  The appellant has not responded.

On June 14, 2013, the United States Court of Appeals for Veterans Claims ("Veterans Court") entered judgment in Alexander Douthard, Jr.'s case.  The Veterans Court received Douthard's notice of appeal on August 19, 2013,

66 days after the date of judgment.  According to the August 14, 2013 postmark, the notice of appeal was not even placed in the mail until the 61st day following entry of judgment.

To be timely, a notice of appeal must be filed with the Veterans Court within 60 days of the entry of judgment. *See* 38 U.S.C. § 7292(a); 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1).  The statutory deadline for taking an appeal from the Veterans Court to this court is jurisdictional and mandatory.  *Henderson v. Shinseki*, ___ U.S. ___, 131 S. Ct. 1197, 1204-05 (2011) (explaining the language of Section 7292(a) "clearly signals an intent" to impose the same jurisdictional restrictions on an appeal from the Veterans Court to the Federal Circuit as imposed on appeals from a district court to a court of appeals); *see also Bowles v. Russell*, 551 U.S. 205, 209-210 (2007).  Because Douthard's appeal was filed outside of the statutory deadline for taking an appeal to this court, we must dismiss the appeal.*

Accordingly,

IT IS ORDERED THAT:

(1)  The motion is granted.  The appeal is dismissed.

(2)  Each side shall bear its own costs.

----

* The Secretary notes that once Douthard's appeal is dismissed, he may file a motion with the Veterans Court seeking to recall its August 14, 2013 mandate and remand his case to the Board to be reopened pursuant to the remedial plan proposed by the Department of Veterans Affairs, and accepted by this court, in *National Organization of Veterans Advocates, Inc. v. Secretary of Veterans Affairs*, 725 F.3d 1312 (Fed. Cir. 2013).

DOUTHARD v. SHINSEKI                                                        3

FOR THE COURT

/s/  Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

ISSUED AS A MANDATE: November 22, 2013

s25