Citation Nr: 1413832 
Decision Date: 03/31/14 Archive Date: 04/10/14

DOCKET NO. 12-30 452 ) DATE
 )

On appeal from the
Department of Veterans Affairs Regional Office in Huntington, West Virginia



THE ISSUE

Entitlement to a disability rating in excess of 50 percent for service-connected depression, with history of schizophrenia, undifferentiated type.



REPRESENTATION

Veteran represented by: West Virginia Division of Veterans Affairs



WITNESSES AT HEARING ON APPEAL

The Veteran and his spouse

ATTORNEY FOR THE BOARD

Robert R. Watkins, General Attorney


INTRODUCTION

The Veteran served on active duty from February 1945 to December 1945.

This matter was originally before the Board of Veterans' Appeals (Board) on appeal from a January 2012 decision of the Huntington, West Virginia, Department of Veterans Affairs (VA) Regional Office (RO) that was mailed to the Veteran in February 2012. In January 2013, the Veteran appeared at a hearing before a Veterans Law Judge (VLJ). In March 2013, the Board issued a decision that partially granted the claim of entitlement to a disability rating in excess of 50 percent for service-connected depression, with history of schizophrenia, undifferentiated type.


ORDER TO VACATE

The Board may vacate an appellate decision at any time upon request of the appellant or his or her representative, or on the Board's own motion, when an appellant has been denied due process of law. 38 U.S.C.A. § 7104(a) (West 2002); 38 C.F.R. § 20.904 (2013). 

In September 2013, pursuant to a settlement agreement in the case of National Org. of Veterans' Advocates, Inc. v. Secretary of Veterans Affairs, 725 F.3d 1312 (Fed. Cir. 2013), the Board sent the Veteran a letter notifying him of an opportunity to receive a new decision from the Board that would correct any potential due process error relating to the duties of the VLJ that conducted the January 2013 hearing. See Bryant v. Shinseki, 23 Vet. App. 488 (2010) (holding that the requirements of 38 C.F.R. § 3.103(c)(2) apply to a hearing before the Board and that a VLJ has a duty to explain fully the issues and to suggest the submission of evidence that may have been overlooked). In September 2013, the Veteran responded that he wished to have the prior decision vacated and a new one issued in its place.

Accordingly, the March 2013 Board decision is vacated. 




 ____________________________________________
 D. C. SPICKLER
 Veterans Law Judge, Board of Veterans' Appeals