Citation Nr: 1413871 
Decision Date: 03/31/14 Archive Date: 04/10/14

DOCKET NO. 10-49 077 ) DATE
 )

On appeal from the
Department of Veterans Affairs Regional Office in Reno, Nevada


THE ISSUES

1. Entitlement to an effective date earlier than April 27, 1998, for the award of compensation benefits under 38 U.S.C.A. § 1151 for atrophy of the right quadriceps and buttocks.

2. Whether there was clear and unmistakable error in a June 1980 rating decision that denied an increased rating higher than 20 percent for a right knee disability, and did not address any claim for benefits under 38 U.S.C.A. § 1151 for atrophy of the right quadriceps and buttocks.


REPRESENTATION

Veteran represented by: Paralyzed Veterans of America, Inc.




WITNESSES AT HEARING ON APPEAL

The Veteran and his spouse


ATTORNEY FOR THE BOARD

Thomas M. Susco II, General Attorney


INTRODUCTION

The Veteran served on active duty from May 1953 to April 1955.

This matter was originally before the Board of Veterans' Appeals (Board) on appeal from a January 2010 decision of the Reno, Nevada Department of Veterans Affairs (VA) Regional Office (RO). In August 2011, the Veteran appeared at a hearing before an Acting Veterans Law Judge (AVLJ). In May 2012, the Board issued a decision that denied the claims of: entitlement to an effective date earlier than April 27, 1998, for the award of compensation benefits under 38 U.S.C.A. § 1151 for atrophy of the right quadriceps and buttocks; and whether there was clear and unmistakable error in a June 1980 rating decision that denied an increased rating higher than 20 percent for a right knee disability, and did not address any claim for benefits under 38 U.S.C.A. § 1151 for atrophy of the right quadriceps and buttocks.


ORDER TO VACATE

The Board may vacate an appellate decision at any time upon request of the appellant or his or her representative, or on the Board's own motion, when an appellant has been denied due process of law. 38 U.S.C.A. § 7104(a) (West 2002); 38 C.F.R. § 20.904 (2013). 

In September 2013, pursuant to a settlement agreement in the case of National Org. of Veterans' Advocates, Inc. v. Secretary of Veterans Affairs, 725 F.3d 1312 (Fed. Cir. 2013), the Board sent the Veteran a letter notifying him of an opportunity to receive a new decision from the Board that would correct any potential due process error relating to the duties of the AVLJ that conducted the August 2011 hearing. See Bryant v. Shinseki, 23 Vet. App. 488 (2010) (holding that the requirements of 38 C.F.R. § 3.103(c)(2) apply to a hearing before the Board and that a VLJ has a duty to explain fully the issues and to suggest the submission of evidence that may have been overlooked). In October 2013, the Veteran responded that he wished to have the prior decision vacated and a new one issued in its place.

Accordingly, the May 2012 Board decision is vacated. 



 ____________________________________________
 D. C. SPICKLER
 Veterans Law Judge, Board of Veterans' Appeals