Citation Nr: 1413857 
Decision Date: 03/31/14 Archive Date: 04/10/14

DOCKET NO. 10-31 766A ) DATE
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri


THE ISSUE

Entitlement to service connection for a left shoulder disability.


REPRESENTATION

Veteran represented by: Missouri Veterans Commission


WITNESSES AT HEARING ON APPEAL

The Veteran and his wife




ATTORNEY FOR THE BOARD

Robert R. Watkins, General Attorney


INTRODUCTION

The Veteran served on active duty from December 1967 to December 1969.

This matter was originally before the Board of Veterans' Appeals (Board) on appeal from an October 2009 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Louis, Missouri. In March 2011, the Veteran appeared at a hearing before a Veterans Law Judge (VLJ). In August 2011, the Board issued a decision that denied the claim of entitlement to service connection for a left shoulder disability.


ORDER TO VACATE

The Board may vacate an appellate decision at any time upon request of the appellant or his or her representative, or on the Board's own motion, when an appellant has been denied due process of law. 38 U.S.C.A. § 7104(a) (West 2002); 38 C.F.R. § 20.904 (2013). 

In September 2013, pursuant to a settlement agreement in the case of National Org. of Veterans' Advocates, Inc. v. Secretary of Veterans Affairs, 725 F.3d 1312 (Fed. Cir. 2013), the Board sent the Veteran a letter notifying him of an opportunity to receive a new decision from the Board that would correct any potential due process error relating to the duties of the VLJ that conducted the March 2011 hearing. See Bryant v. Shinseki, 23 Vet. App. 488 (2010) (holding that the requirements of 38 C.F.R. § 3.103(c)(2) apply to a hearing before the Board and that a VLJ has a duty to explain fully the issues and to suggest the submission of evidence that may have 

been overlooked). In November 2013, the Veteran responded that he wished to have the prior decision vacated and a new one issued in its place.

Accordingly, the August 2011 Board decision is vacated. 



 ____________________________________________
 D. C. SPICKLER
 Veterans Law Judge, Board of Veterans' Appeals