Citation Nr: 1413856 
Decision Date: 03/31/14 Archive Date: 04/10/14

DOCKET NO. 10-02 209 ) DATE
 )

On appeal from the
Department of Veterans Affairs Regional Office in Lincoln, Nebraska


THE ISSUE

Entitlement to service connection for residuals of head injury, to include gunshot wound to the temples.


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


WITNESSES AT HEARING ON APPEAL

The Veteran and his wife




ATTORNEY FOR THE BOARD

Thomas M. Susco II, General Attorney


INTRODUCTION

The Veteran served in the United States Marine Corps Reserve (USMCR) from May 1960 to February 1966, with periods of active duty for training (ACDUTRA), including a period from May 1960 to November 1960.

This matter was originally before the Board of Veterans' Appeals (Board) on appeal from a December 1991 decision of the Lincoln, Nebraska Department of Veterans Affairs (VA) Regional Office (RO). In August 2011, the Veteran appeared at a hearing before a Veterans Law Judge (VLJ). In October 2011, the Board issued a decision that denied the claim of entitlement to service connection for residuals of head injury, to include gunshot wound to the temples.


ORDER TO VACATE

The Board may vacate an appellate decision at any time upon request of the appellant or his or her representative, or on the Board's own motion, when an appellant has been denied due process of law. 38 U.S.C.A. § 7104(a) (West 2002); 38 C.F.R. § 20.904 (2013). 

In September 2013, pursuant to a settlement agreement in the case of National Org. of Veterans' Advocates, Inc. v. Secretary of Veterans Affairs, 725 F.3d 1312 (Fed. Cir. 2013), the Board sent the Veteran a letter notifying him of an opportunity to receive a new decision from the Board that would correct any potential due process error relating to the duties of the VLJ that conducted the August 2011 hearing. See Bryant v. Shinseki, 23 Vet. App. 488 (2010) (holding that the requirements of 38 C.F.R. § 3.103(c)(2) apply to a hearing before the Board and that a VLJ has a duty to explain fully the issues and to suggest the submission of evidence that may have been overlooked). In November 2013, the Veteran responded that he wished to have the prior decision vacated and a new one issued in its place.

Accordingly, the October 2011 Board decision is vacated. 



 ____________________________________________
 D. C. SPICKLER
 Veterans Law Judge, Board of Veterans' Appeals