Citation Nr: 1413865 
Decision Date: 03/31/14 Archive Date: 04/10/14

DOCKET NO. 09-43 135 ) DATE
 )

On appeal from the
Department of Veterans Affairs Regional Office in Lincoln, Nebraska


THE ISSUES

1. Entitlement to service connection for hypertension.

2. Entitlement to service connection for posttraumatic stress disorder (PTSD).

3. Entitlement to service connection for a sleep disorder.


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Robert R. Watkins, General Attorney


INTRODUCTION

The Veteran served on active duty from March 1982 to February 1987 and from March 2006 to September 2007. 

This matter was originally before the Board of Veterans' Appeals (Board) on appeal from decisions of the Lincoln, Nebraska, Department of Veterans Affairs (VA) Regional Office (RO). In March 2011, the Veteran appeared at a hearing before a Veterans Law Judge (VLJ). In September 2011, the Board issued a decision that denied the claims of entitlement to service connection for hypertension, entitlement to service connection for posttraumatic stress disorder (PTSD), and entitlement to service connection for a sleep disorder.


ORDER TO VACATE

The Board may vacate an appellate decision at any time upon request of the appellant or his or her representative, or on the Board's own motion, when an appellant has been denied due process of law. 38 U.S.C.A. § 7104(a) (West 2002); 38 C.F.R. § 20.904 (2013). 

In September 2013, pursuant to a settlement agreement in the case of National Org. of Veterans' Advocates, Inc. v. Secretary of Veterans Affairs, 725 F.3d 1312 (Fed. Cir. 2013), the Board sent the Veteran a letter notifying him of an opportunity to receive a new decision from the Board that would correct any potential due process error relating to the duties of the VLJ that conducted the March 2011 hearing. See Bryant v. Shinseki, 23 Vet. App. 488 (2010) (holding that the requirements of 38 C.F.R. § 3.103(c)(2) apply to a hearing before the Board and that a VLJ has a duty to explain fully the issues and to suggest the submission of evidence that may have been overlooked). In October 2013, the Veteran responded that he wished to have the prior decision vacated and a new one issued in its place.

Accordingly, the portion of the September 2011 Board decision that denied the claims of entitlement to service connection for hypertension, entitlement to service connection for posttraumatic stress disorder (PTSD), and entitlement to service connection for a sleep disorder is vacated. The remainder of the September 2011 Board decision remains undisturbed. 
 


 ____________________________________________
 D. C. SPICKLER
 Veterans Law Judge, Board of Veterans' Appeals