Citation Nr: 1413874 
Decision Date: 03/31/14 Archive Date: 04/10/14

DOCKET NO. 09-23 893 ) DATE
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUE

Entitlement to an initial rating in excess of 10 percent for coronary artery disease (CAD) with hypertension prior to October 5, 2006.


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran




ATTORNEY FOR THE BOARD

Ryan P. Connally, General Attorney


INTRODUCTION

The Veteran had active duty service from June 1971 to June 1991.

This matter was originally before the Board of Veterans' Appeals (Board) on appeal from a July 2005 decision of the Columbia, South Carolina Department of Veterans Affairs (VA) Regional Office (RO). In September 2009, the Veteran appeared at a hearing before a Veterans Law Judge (VLJ). In December 2011, the Board issued a decision that partially granted the claim of entitlement to an initial rating in excess of 10 percent for CAD with hypertension prior to October 5, 2006.


ORDER TO VACATE

The Board may vacate an appellate decision at any time upon request of the appellant or his or her representative, or on the Board's own motion, when an appellant has been denied due process of law. 38 U.S.C.A. § 7104(a) (West 2002); 38 C.F.R. § 20.904 (2013). 

In September 2013, pursuant to a settlement agreement in the case of National Org. of Veterans' Advocates, Inc. v. Secretary of Veterans Affairs, 725 F.3d 1312 (Fed. Cir. 2013), the Board sent the Veteran a letter notifying him of an opportunity to receive a new decision from the Board that would correct any potential due process error relating to the duties of the VLJ that conducted the September 2009 hearing. See Bryant v. Shinseki, 23 Vet. App. 488 (2010) (holding that the requirements of 38 C.F.R. § 3.103(c)(2) apply to a hearing before the Board and that a VLJ has a duty to explain fully the issues and to suggest the submission of evidence that may have been overlooked). In November 2013, the Veteran responded that he wished to have the prior decision vacated and a new one issued in its place.

Accordingly, the December 2011 Board decision is vacated. 



 ____________________________________________
 D. C. SPICKLER
 Veterans Law Judge, Board of Veterans' Appeals