Citation Nr: 1413878 
Decision Date: 03/31/14 Archive Date: 04/10/14

DOCKET NO. 09-18 812 ) DATE
 )

On appeal from the
 Department of Veterans Affairs Regional Office in Atlanta, Georgia 


THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD) and generalized anxiety disorder and major depression.


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States 


WITNESS AT HEARING ON APPEAL

The Veteran



ATTORNEY FOR THE BOARD

Thomas M. Susco II, General Attorney


INTRODUCTION

The Veteran had active service from September 1966 to June 1968, to include service in Vietnam from June 1967 to June 1968. 

This matter was originally before the Board of Veterans' Appeals (Board) on appeal from an August 2008 decision of the Atlanta, Georgia Department of Veterans Affairs (VA) Regional Office (RO). In July 2010, the Veteran appeared at a hearing before Veterans Law Judge (VLJ). In May 2012, the Board issued a decision that denied the claim of entitlement to service connection for an acquired psychiatric disorder, to include PTSD and generalized anxiety disorder and major depression.


ORDER TO VACATE

The Board may vacate an appellate decision at any time upon request of the appellant or his or her representative, or on the Board's own motion, when an appellant has been denied due process of law. 38 U.S.C.A. § 7104(a) (West 2002); 38 C.F.R. § 20.904 (2013). 

In September 2013, pursuant to a settlement agreement in the case of National Org. of Veterans' Advocates, Inc. v. Secretary of Veterans Affairs, 725 F.3d 1312 (Fed. Cir. 2013), the Board sent the Veteran a letter notifying him of an opportunity to receive a new decision from the Board that would correct any potential due process error relating to the duties of the VLJ that conducted the July 2010 hearing. See Bryant v. Shinseki, 23 Vet. App. 488 (2010) (holding that the requirements of 38 C.F.R. § 3.103(c)(2) apply to a hearing before the Board and that a VLJ has a duty to explain fully the issues and to suggest the submission of evidence that may have been overlooked). In September 2013, the Veteran responded that he wished to have the prior decision vacated and a new one issued in its place.

Accordingly, the May 2012 Board decision is vacated. 



 ____________________________________________
 D. C. SPICKLER
 Veterans Law Judge, Board of Veterans' Appeals