Citation Nr: 1413847 
Decision Date: 03/31/14 Archive Date: 04/10/14

DOCKET NO. 08-35 648 ) DATE
 )

On appeal from the
Department of Veterans Affairs Regional Office in Denver, Colorado


THE ISSUE

Entitlement to an initial rating in excess of 50 percent for posttraumatic stress disorder (PTSD).


REPRESENTATION

Veteran represented by: Arkansas Department of Veterans Affairs 


WITNESS AT HEARING ON APPEAL

The Veteran




ATTORNEY FOR THE BOARD

Zi-Heng Zhu, General Attorney 


INTRODUCTION

The Veteran had active military service from August 1966 to July 1969.

This matter was originally before the Board of Veterans' Appeals (Board) on appeal from a December 2007 decision of the Denver, Colorado Department of Veterans Affairs (VA) Regional Office (RO). In November 2011, the Veteran appeared at a hearing before a Veterans Law Judge (VLJ). In March 2012, the Board issued a decision that denied the claim of entitlement to an initial rating in excess of 50 percent for PTSD. 


ORDER TO VACATE

The Board may vacate an appellate decision at any time upon request of the appellant or his or her representative, or on the Board's own motion, when an appellant has been denied due process of law. 38 U.S.C.A. § 7104(a) (West 2002); 38 C.F.R. § 20.904 (2013). 

In September 2013, pursuant to a settlement agreement in the case of National Org. of Veterans' Advocates, Inc. v. Secretary of Veterans Affairs, 725 F.3d 1312 (Fed. Cir. 2013), the Board sent the Veteran a letter notifying him of an opportunity to receive a new decision from the Board that would correct any potential due process error relating to the duties of the VLJ that conducted the November 2011 hearing. See Bryant v. Shinseki, 23 Vet. App. 488 (2010) (holding that the requirements of 38 C.F.R. § 3.103(c)(2) apply to a hearing before the Board and that a VLJ has a duty to explain fully the issues and to suggest the submission of evidence that may have been overlooked). In October 2013, the Veteran responded that he wished to have the prior decision vacated and a new one issued in its place.

Accordingly, the March 2012 Board decision is vacated. 




 ____________________________________________
 D. C. SPICKLER
 Veterans Law Judge, Board of Veterans' Appeals