Citation Nr: 1413869 
Decision Date: 03/31/14 Archive Date: 04/10/14

DOCKET NO. 08-15 750 ) DATE
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUE

Entitlement to an increase in a 70 percent rating for post-traumatic stress disorder (PTSD).


WITNESSES AT HEARING ON APPEAL

Veteran and her father


ATTORNEY FOR THE BOARD

Zi-Heng Zhu, General Attorney 




INTRODUCTION

The Veteran served on active duty from July 1990 to September 1993.

This matter was originally before the Board of Veterans' Appeals (Board) on appeal from a May 2007 decision of the Winston-Salem, North Carolina Department of Veterans Affairs (VA) Regional Office (RO). In September 2009, the Veteran appeared at a hearing before an Acting Veterans Law Judge (AVLJ). In April 2012, the Board issued a decision that denied the claim of entitlement to an increase in a 70 percent rating for PTSD.


ORDER TO VACATE

The Board may vacate an appellate decision at any time upon request of the appellant or his or her representative, or on the Board's own motion, when an appellant has been denied due process of law. 38 U.S.C.A. § 7104(a) (West 2002); 38 C.F.R. § 20.904 (2013). 

In November 2013, pursuant to a settlement agreement in the case of National Org. of Veterans' Advocates, Inc. v. Secretary of Veterans Affairs, 725 F.3d 1312 (Fed. Cir. 2013), the Board sent the Veteran a letter notifying her of an opportunity to receive a new decision from the Board that would correct any potential due process error relating to the duties of the AVLJ that conducted the September 2009 hearing. See Bryant v. Shinseki, 23 Vet. App. 488 (2010) (holding that the requirements of 38 C.F.R. § 3.103(c)(2) apply to a hearing before the Board and that a VLJ has a duty to explain fully the issues and to suggest the submission of evidence that may have been overlooked). In November 2013, the Veteran responded that she wished to have the prior decision vacated and a new one issued in its place.





Accordingly, the April 2012 Board decision is vacated. 



 ____________________________________________
 D. C. SPICKLER
 Veterans Law Judge, Board of Veterans' Appeals