Citation Nr: 1413854 
Decision Date: 03/31/14 Archive Date: 04/10/14

DOCKET NO. 07-10 240A ) DATE
 )

On appeal from the
Department of Veterans Affairs Regional Office in Louisville, Kentucky


THE ISSUES

1. Whether new and material evidence has been received to reopen a claim of entitlement to service connection for bilateral hearing loss. 

2. Entitlement to service connection for tinnitus.

3. Entitlement to an evaluation in excess of 10 percent for service-connected right ankle degenerative joint disease (hereinafter, "right ankle disorder").

4. Entitlement to an initial evaluation in excess of 10 percent for service-connected left ankle degenerative joint disease (hereinafter, "left ankle disorder").




REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

The Veteran and his spouse


ATTORNEY FOR THE BOARD

Thomas M. Susco II, General Attorney


INTRODUCTION

The Veteran served on active duty from January 1972 to November 1973.

This matter was originally before the Board of Veterans' Appeals (Board) on appeal from November 2004 and July 2005 decisions of the Louisville, Kentucky Department of Veterans Affairs (VA) Regional Office (RO). In April 2009, the Veteran appeared at a hearing before a Veterans Law Judge (VLJ). In May 2012, the Board issued a decision that, in part: denied the petition to reopen a claim of entitlement to service connection for bilateral hearing loss; denied the claim of entitlement to service connection for tinnitus; partially granted the claim of entitlement to an evaluation in excess of 10 percent for service-connected right ankle disorder; and partially granted the claim of entitlement to an initial evaluation in excess of 10 percent for service-connected left ankle disorder. 




ORDER TO VACATE

The Board may vacate an appellate decision at any time upon request of the appellant or his or her representative, or on the Board's own motion, when an appellant has been denied due process of law. 38 U.S.C.A. § 7104(a) (West 2002); 38 C.F.R. § 20.904 (2013). 

In September 2013, pursuant to a settlement agreement in the case of National Org. of Veterans' Advocates, Inc. v. Secretary of Veterans Affairs, 725 F.3d 1312 (Fed. Cir. 2013), the Board sent the Veteran a letter notifying him of an opportunity to receive a new decision from the Board that would correct any potential due process error relating to the duties of the VLJ that conducted the April 2009 hearing. See Bryant v. Shinseki, 23 Vet. App. 488 (2010) (holding that the requirements of 38 C.F.R. § 3.103(c)(2) apply to a hearing before the Board and that a VLJ has a duty to explain fully the issues and to suggest the submission of evidence that may have been overlooked). In October 2013, the Veteran responded that he wished to have the prior decision vacated and a new one issued in its place.

Accordingly, the Board vacates the portion of the May 2012 Board decision that denied the petition to reopen a claim of entitlement to service connection for bilateral hearing loss, denied the claim of entitlement to service connection for tinnitus, partially granted the claim of entitlement to an evaluation in excess of 10 percent for service-connected right ankle disorder, and partially granted the claim of entitlement to an initial evaluation in excess of 10 percent for service-connected left ankle disorder. The remainder of the May 2012 Board decision remains undisturbed. 



 ____________________________________________
 D. C. SPICKLER
 Veterans Law Judge, Board of Veterans' Appeals