Citation Nr: 1413834 
Decision Date: 03/31/14 Archive Date: 04/10/14

DOCKET NO. 06-12 179 ) DATE
 )

On appeal from the
Department of Veterans Affairs Regional Office in Pittsburgh, Pennsylvania


THE ISSUES

1. Entitlement to service connection for vertigo.

2. Entitlement to service connection for a skin disorder, claimed as chloracne, to include as secondary to exposure to Agent Orange.


REPRESENTATION

Veteran represented by: The American Legion


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Zi-Heng Zhu, General Attorney 


INTRODUCTION

The Veteran served on active duty from April 1967 to December 1970. 

This matter was originally before the Board of Veterans' Appeals (Board) on appeal from December 2004 and December 2006 decisions of the Togus, Maine Department of Veterans Affairs (VA) Regional Office (RO). In May 2008, the Veteran appeared at a hearing before a Veterans Law Judge (VLJ). In October 2011, the Board issued a decision that denied the claims of entitlement to service connection for vertigo and entitlement to service connection for a skin disorder, claimed as chloracne, to include as secondary to exposure to Agent Orange.


ORDER TO VACATE

The Board may vacate an appellate decision at any time upon request of the appellant or his or her representative, or on the Board's own motion, when an appellant has been denied due process of law. 38 U.S.C.A. § 7104(a) (West 2002); 38 C.F.R. § 20.904 (2013). 

In September 2013, pursuant to a settlement agreement in the case of National Org. of Veterans' Advocates, Inc. v. Secretary of Veterans Affairs, 725 F.3d 1312 (Fed. Cir. 2013), the Board sent the Veteran a letter notifying him of an opportunity to receive a new decision from the Board that would correct any potential due process error relating to the duties of the VLJ that conducted the October 2011 hearing. See Bryant v. Shinseki, 23 Vet. App. 488 (2010) (holding that the requirements of 38 C.F.R. § 3.103(c)(2) apply to a hearing before the Board and that a VLJ has a duty to explain fully the issues and to suggest the submission of evidence that may have been overlooked). In October 2013, the Veteran responded that he wished to have the prior decision vacated and a new one issued in its place.

Accordingly, the October 2011 Board decision is vacated. 




 ____________________________________________
 D. C. SPICKLER
 Veterans Law Judge, Board of Veterans' Appeals