Citation Nr: 1413837 
Decision Date: 03/31/14 Archive Date: 04/10/14

DOCKET NO. 05-41 006 ) DATE
 )

On appeal from the
Department of Veterans Affairs Regional Office in Detroit, Michigan


THE ISSUES

1. Entitlement to service connection for diabetes mellitus, to include as secondary to herbicide exposure.

2. Entitlement to service connection for posttraumatic stress disorder (PTSD).


REPRESENTATION

Veteran represented by: The American Legion


WITNESSES AT HEARING ON APPEAL

The Veteran and C.B.


ATTORNEY FOR THE BOARD

Robert R. Watkins, General Attorney


INTRODUCTION

The Veteran served on active duty from November 1966 to September 1968 and from March 1977 to February 1979. The Veteran also served in the Michigan National Guard during various periods, including April 1984 to October 1985, October 1987 to January 1988, May 1988 to May 1989, and February 1990 to May 1991. 

This matter was originally before the Board of Veterans' Appeals (Board) on appeal from a January 2004 decision of the Detroit, Michigan, Department of Veterans Affairs (VA) Regional Office (RO). In December 2006, the Veteran appeared at a hearing before a Veterans Law Judge (VLJ). In September 2011, the Board issued a decision that denied the claims of entitlement to service connection for diabetes mellitus and entitlement to service connection for posttraumatic stress disorder (PTSD).


ORDER TO VACATE

The Board may vacate an appellate decision at any time upon request of the appellant or his or her representative, or on the Board's own motion, when an appellant has been denied due process of law. 38 U.S.C.A. § 7104(a) (West 2002); 38 C.F.R. § 20.904 (2013). 

In September 2013, pursuant to a settlement agreement in the case of National Org. of Veterans' Advocates, Inc. v. Secretary of Veterans Affairs, 725 F.3d 1312 (Fed. Cir. 2013), the Board sent the Veteran a letter notifying him of an opportunity to receive a new decision from the Board that would correct any potential due process error relating to the duties of the VLJ that conducted the December 2006 hearing. See Bryant v. Shinseki, 23 Vet. App. 488 (2010) (holding that the requirements of 38 C.F.R. § 3.103(c)(2) apply to a hearing before the Board and that a VLJ has a duty to explain fully the issues and to suggest the submission of evidence that may have been overlooked). In October 2013, the Veteran responded that he wished to have the prior decision vacated and a new one issued in its place.

Accordingly, the September 2011 Board decision is vacated. 
 



 ____________________________________________
 D. C. SPICKLER
 Veterans Law Judge, Board of Veterans' Appeals