Citation Nr: 1413850 
Decision Date: 03/31/14 Archive Date: 04/10/14

DOCKET NO. 05-33 030 ) DATE
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUES

1. Entitlement to a disability rating in excess of 20 percent for chronic muscular neck pain, status post cervical strain.

2. Entitlement to a disability rating in excess of 10 percent for chronic right foot pain, status post Chilblain's Syndrome.

3. Entitlement to a disability rating in excess of 10 percent for chronic left foot pain, status post Chilblain's Syndrome.

4. Entitlement to a compensable disability rating, prior to March 30, 2010, for chronic headaches.

5. Entitlement to a disability rating in excess of 10 percent from March 30, 2010, for chronic headaches.


REPRESENTATION

Veteran represented by: The American Legion

WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Robert R. Watkins, General Attorney


INTRODUCTION

The Veteran served on active duty from June 1991 to November 1999. 

This matter was originally before the Board of Veterans' Appeals (Board) on appeal from a March 2004 decision of the Montgomery, Alabama Department of Veterans Affairs (VA) Regional Office (RO). In February 2011, the Veteran appeared at a hearing before an Acting Veterans Law Judge (AVLJ). In September 2011, the Board issued a decision that, in part, denied the claims of entitlement to a disability rating in excess of 20 percent for chronic muscular neck pain, status post cervical strain, entitlement to a disability rating in excess of 10 percent for chronic right foot pain, status post Chilblain's Syndrome, entitlement to a disability rating in excess of 10 percent for chronic left foot pain, status post Chilblain's Syndrome and partially granted the claim of entitlement to a disability rating in excess of 10 percent for chronic headaches (prior to, and after, March 30, 2010).





ORDER TO VACATE

The Board may vacate an appellate decision at any time upon request of the appellant or his or her representative, or on the Board's own motion, when an appellant has been denied due process of law. 38 U.S.C.A. § 7104(a) (West 2002); 38 C.F.R. § 20.904 (2013). 

In September 2013, pursuant to a settlement agreement in the case of National Org. of Veterans' Advocates, Inc. v. Secretary of Veterans Affairs, 725 F.3d 1312 (Fed. Cir. 2013), the Board sent the Veteran a letter notifying him of an opportunity to receive a new decision from the Board that would correct any potential due process error relating to the duties of the AVLJ that conducted the February 2011 hearing. See Bryant v. Shinseki, 23 Vet. App. 488 (2010) (holding that the requirements of 38 C.F.R. § 3.103(c)(2) apply to a hearing before the Board and that a VLJ has a duty to explain fully the issues and to suggest the submission of evidence that may have been overlooked). In September 2013, the Veteran responded that he wished to have the prior decision vacated and a new one issued in its place.

Accordingly, the portion of the September 2011 Board decision that denied the claims of entitlement to a disability rating in excess of 20 percent for chronic muscular neck pain, status post cervical strain, entitlement to a disability rating in excess of 10 percent for chronic right foot pain, status post Chilblain's Syndrome, entitlement to a disability rating in excess of 10 percent for chronic left foot pain, status post Chilblain's Syndrome, and partially granted the claim of entitlement to a disability rating in excess of 10 percent for chronic headaches is vacated. The remainder of the September 2011 Board decision remains undisturbed. 
 


 ____________________________________________
 D. C. SPICKLER
 Veterans Law Judge, Board of Veterans' Appeals