Citation Nr: 1413860 
Decision Date: 03/31/14 Archive Date: 04/10/14

DOCKET NO. 04-41 920A ) DATE
 )

On appeal from the
Department of Veterans Affairs Regional Office in Seattle, Washington


THE ISSUE

Entitlement to service connection for Type II diabetes mellitus, claimed as due to herbicide exposure.


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

The Veteran and his spouse




ATTORNEY FOR THE BOARD

Ryan P. Connally, General Attorney


INTRODUCTION

The Veteran served on active duty from October 1967 to September 1971, with confirmed service aboard the U.S.S. Oklahoma City, which served at various times, from March 1971 to September 1971, in the waters off the shore of the Republic of Vietnam. 

This matter was originally before the Board of Veterans' Appeals (Board) on appeal from a decision issued in February 2004 by the Seattle, Washington Department of Veterans Affairs (VA) Regional Office (RO). In July 2011, the Veteran appeared at a hearing before an Acting Veterans Law Judge (AVLJ). In November 2011, the Board issued a decision that denied the claim of entitlement to service connection for Type II diabetes mellitus. 


ORDER TO VACATE

The Board may vacate an appellate decision at any time upon request of the appellant or his or her representative, or on the Board's own motion, when an appellant has been denied due process of law. 38 U.S.C.A. § 7104(a) (West 2002); 38 C.F.R. § 20.904 (2013). 

In September 2013, pursuant to a settlement agreement in the case of National Org. of Veterans' Advocates, Inc. v. Secretary of Veterans Affairs, 725 F.3d 1312 (Fed. Cir. 2013), the Board sent the Veteran a letter notifying him of an opportunity to receive a new decision from the Board that would correct any potential due process error relating to the duties of the AVLJ that conducted the July 2011 hearing. See Bryant v. Shinseki, 23 Vet. App. 488 (2010) (holding that the requirements of 38 C.F.R. § 3.103(c)(2) apply to a hearing before the Board and that a VLJ has a duty to explain fully the issues and to suggest the submission of evidence that may have been overlooked). In November 2013, the Veteran responded that he wished to have the prior decision vacated and a new one issued in its place.

Accordingly, the November 2011 Board decision is vacated. 



 ____________________________________________
 D. C. SPICKLER
 Veterans Law Judge, Board of Veterans' Appeals