Citation Nr: 1413873 
Decision Date: 03/31/14 Archive Date: 04/10/14

DOCKET NO. 04-36 746 ) DATE
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to an extraschedular evaluation for the service-connected right knee disability. 

2. Entitlement to a total disability rating based on individual unemployability (TDIU). 


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


WITNESSES AT HEARING ON APPEAL

The Veteran and his spouse


ATTORNEY FOR THE BOARD

Robert R. Watkins, General Attorney


INTRODUCTION

The Veteran served on active duty from September 1956 to October 1964.

This matter was originally before the Board of Veterans' Appeals (Board) on appeal from decisions of the St. Petersburg, Florida, Department of Veterans Affairs (VA) Regional Office (RO). In January 2008, the Veteran appeared at a hearing before a Veterans Law Judge (VLJ). In September 2011, the Board issued a decision that denied the claims of entitlement to an extraschedular evaluation for the service-connected right knee disability and entitlement to TDIU. 


ORDER TO VACATE

The Board may vacate an appellate decision at any time upon request of the appellant or his or her representative, or on the Board's own motion, when an appellant has been denied due process of law. 38 U.S.C.A. § 7104(a) (West 2002); 38 C.F.R. § 20.904 (2013). 

In September 2013, pursuant to a settlement agreement in the case of National Org. of Veterans' Advocates, Inc. v. Secretary of Veterans Affairs, 725 F.3d 1312 (Fed. Cir. 2013), the Board sent the Veteran a letter notifying him of an opportunity to receive a new decision from the Board that would correct any potential due process error relating to the duties of the VLJ that conducted the January 2008 hearing. See Bryant v. Shinseki, 23 Vet. App. 488 (2010) (holding that the requirements of 38 C.F.R. § 3.103(c)(2) apply to a hearing before the Board and that a VLJ has a duty to explain fully the issues and to suggest the submission of evidence that may have been overlooked). In November 2013, the Veteran responded that he wished to have the prior decision vacated and a new one issued in its place.

Accordingly, the September 2011 Board decision is vacated. 
 


 ____________________________________________
 D. C. SPICKLER
 Veterans Law Judge, Board of Veterans' Appeals