Citation Nr: 1434271 
Decision Date: 07/31/14 Archive Date: 08/04/14

DOCKET NO. 09-50 345 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri


THE ISSUES

1. Entitlement to service connection for bilateral hearing loss.

2. Entitlement to service connection for tinnitus.


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

S. M. Marcus, Counsel


INTRODUCTION

The Veteran served on active duty from June 1968 to June 1970.

This matter is before the Board of Veterans' Appeals (Board) on appeal from a July 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Cleveland, Ohio. The Veteran had a hearing before the Board in March 2011 and the transcript is of record.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Board previously denied this claim on the merits in a November 2011 decision. Thereafter, the Veteran requested the prior decision be vacated pursuant to a settlement agreement in the case of National Org. of Veterans' Advocates, Inc. v. Secretary of Veterans Affairs, 725 F.3d 1312 (Fed. Cir. 2013), and a new decision be issued after a new hearing has been conducted. See Bryant v. Shinseki, 23 Vet. App. 488 (2010). 

The November 2011 decision was vacated in a June 2014 Board Order to Vacate. The Veteran has not yet been scheduled for a new hearing at his local RO before a Veterans Law Judge as requested. The RO must schedule the Veteran for a new hearing as requested.

Accordingly, the case is REMANDED for the following action:

The RO in St. Louis, Missouri must make arrangements to schedule the Veteran for a travel board hearing before a Veterans Law Judge for the issue enumerated above.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

The claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2002 & Supp. 2013).



_________________________________________________
ROBERT C. SCHARNBERGER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).