Citation Nr: 1434248 
Decision Date: 07/31/14 Archive Date: 08/04/14

DOCKET NO. 09-16 872 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUE

Entitlement to service connection for a disability of the bilateral lower extremities manifested by pain, numbness, and persistent coldness, to include as secondary to service-connected rheumatic heart disease. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

The Veteran and his wife


ATTORNEY FOR THE BOARD

B. R. Mullins, Counsel
INTRODUCTION

The Veteran had active service from January 1953 to January 1955. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Muskogee, Oklahoma, which, in pertinent part, denied service connection for peripheral artery disease of the bilateral lower extremities. 

The Veteran previously testified at a hearing before the undersigned Acting Veterans Law Judge in March 2011. The claim on appeal was subsequently remanded by the Board in a May 2011 decision. Upon further development, the claim on appeal was denied by the Board in November 2011. 

Pursuant to a settlement agreement in the case of National Org. of Veterans' Advocates, Inc. v. Secretary of Veterans Affairs (NOVA), 725 F3d. 1312 (Fed Cir. 2013), the Board's November 2011 decision was identified as having been potentially affected by an invalidated rule relating to the duties of the undersigned during the March 2011 hearing. In order to remedy any such potential error, the Board sent the Veteran a letter notifying him of an opportunity to receive a new hearing and/or a new decision from the Board. The Board received notice from the Veteran that he desired this in October 2013. The November 2011 Board decision was subsequently vacated in June 2014. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2002).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.





REMAND

In October 2013, the Veteran notified the Board that he desired to be scheduled for a new in-person hearing before a Veterans Law Judge at the RO in Muskogee, Oklahoma, pursuant to the NOVA settlement discussed above. Therefore, this claim must be remanded so that the Veteran can be scheduled for his requested hearing. See 38 C.F.R. § 20.700(a) (2013). Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

Schedule the Veteran for a hearing before a Board Member at his local RO at the earliest opportunity. Once the Veteran has been afforded the requested hearing, or in the event that he withdraws his hearing request or fails to appear, the case should be returned to the Board for further appellate consideration.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
T. MAINELLI
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).