Citation Nr: 1434249 
Decision Date: 07/31/14 Archive Date: 08/04/14

DOCKET NO. 08-34 199 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to an initial disability rating in excess of 10 percent prior to March 16, 2011 for a low back disability, and to a disability rating in excess of 20 percent thereafter. 


REPRESENTATION

Veteran represented by: Florida Department of Veterans Affairs


WITNESSES AT HEARING ON APPEAL

The Veteran and his spouse


ATTORNEY FOR THE BOARD

D. Martz Ames, Counsel


INTRODUCTION

The Veteran had active service from September 1963 to September 1967.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. 

The Veteran and his spouse testified at a hearing in June 2010 before the undersigned. A copy of the transcript has been associated with the claims file.

In January 2011, the Board remanded this case to the RO via the Appeals Management Center (AMC) for further development. In October 2011, the Board denied a disability rating in excess of 10 percent prior to March 16, 2011 for a low back disability and granted a 40 percent disability rating effective March 16, 2011. Pursuant to a settlement agreement in the case of National Org. of Veterans' Advocates, Inc. v. Secretary of Veterans Affairs, 725 F.3d 1312 (Fed. Cir. 2013), the Veteran was given the option of having the October 2011 decision vacated and testifying at a new hearing to correct any potential due process errors relating to his June 2010 hearing. Bryant v. Shinseki, 23 Vet. App. 488 (2010). In September 2013, he elected to testify at a new Travel Board hearing and have the October 2011 decision vacated. The October 2011 Board decision was vacated in June 2014. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

In September 2013, the Veteran elected to testify at a new Travel Board hearing. 


Accordingly, the case is REMANDED for the following action:

Schedule the Veteran for a Travel Board hearing at the RO at the earliest available opportunity. The RO should notify the Veteran and his representative of the date and time of the hearing, in accordance with 38 C.F.R. § 20.704(b) (2013). After the hearing, the claims file should be returned to the Board in accordance with current appellate procedures. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
S. L. Kennedy
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).