Citation Nr: 1438747 
Decision Date: 08/29/14 Archive Date: 09/03/14

DOCKET NO. 08-14 999 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Diego, California


THE ISSUE

Entitlement to an effective date prior to February 15, 2006 for the award of a 10 percent disability rating for hepatitis C.


WITNESSES AT HEARING ON APPEAL

The Veteran and his sister


ATTORNEY FOR THE BOARD

K. K. Buckley, Counsel






INTRODUCTION

The Veteran served on active duty from April 1966 to February 1968.

This matter came before the Board of Veterans' Appeals (Board) on appeal from a December 2006 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in San Diego, California, that awarded a 10 percent rating for hepatitis C, effective from February 15, 2006.

In January 2011, the Veteran testified at a hearing conducted by the undersigned Veterans Law Judge. In May 2012, the Board issued a decision that denied the Veteran's claim of entitlement to an effective date prior to February 15, 2006 for the award of a 10 percent disability rating for hepatitis C.

Pursuant to a settlement agreement in the case of National Org. of Veterans' Advocates, Inc. v. Secretary of Veterans Affairs, 725 F. 3d 1312 (Fed. Cir. 2013), the Board's May 2012 decision was identified as having been potentially affected by an invalidated rule relating to the duties of the Veterans Law Judge that conducted the January 2011 hearing. In order to remedy any such potential error, the Board sent the Veteran a letter notifying him of an opportunity to receive a new hearing and/or a new decision from the Board. Subsequently, the Veteran requested that the Board vacate its prior decision and schedule him for an in-person hearing to take place at the RO.

In June 2014, the Board vacated its May 2012 decision that denied the Veteran's claim of entitlement to an earlier effective date for the award of a 10 percent disability rating for hepatitis C.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action on his part is required.




REMAND

As discussed above, in November 2013, the Veteran requested that he be scheduled for a new hearing with the Board to be held at the RO. The RO should undertake to schedule the requested hearing.

Accordingly, the case is REMANDED for the following action:

Schedule the Veteran for a hearing before a Veterans Law Judge at the RO. Notify the Veteran of the date and time of the hearing. See 38 C.F.R. § 20.704(b) (2013).

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims (Court) for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
THOMAS J. DANNAHER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board is appealable to the Court. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).