Citation Nr: 1602941 
Decision Date: 01/29/16 Archive Date: 02/05/16

DOCKET NO. 07-26 542 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Entitlement to service connection for bilateral hearing loss. 

2. Entitlement to service connection for tinnitus.


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

M. G. Mazzucchelli, Counsel


INTRODUCTION

The Veteran served on active duty from April 1983 to April 1986.

This matter was originally before the Board of Veterans' Appeals (Board) on appeal from an April 2007 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas. 

In March 2008, the Veteran appeared at a hearing before a Veterans Law Judge (VLJ). In August 2011, the Board issued a decision that denied the claims of entitlement to service connection for bilateral hearing loss and entitlement to service connection for tinnitus.

In September 2013, pursuant to a settlement agreement in the case of National Org. of Veterans' Advocates, Inc. v. Secretary of Veterans Affairs, 725 F.3d 1312 (Fed. Cir. 2013), the Board sent the Veteran a letter notifying him of an opportunity to receive a new decision from the Board that would correct any potential due process error relating to the duties of the VLJ that conducted the March 2008 hearing. See Bryant v. Shinseki, 23 Vet. App. 488 (2010) (holding that the requirements of 38 C.F.R. § 3.103(c)(2) apply to a hearing before the Board and that a VLJ has a duty to explain fully the issues and to suggest the submission of evidence that may have been overlooked). 

In October 2013, the Veteran responded that he wished to have the prior decision vacated and a new one issued in its place. Accordingly, in a June 2014 decision, the Board vacated the prior Board's August 2011 decision. 

In September 2015 the Board remanded the case for the Veteran to be scheduled for a hearing before another VLJ. In December 2015 the Veteran provided testimony before the undersigned VLJ by videoconference. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

As noted above, the Veteran presented testimony at a Board hearing before the undersigned VLJ in December 2015. In Bryant v. Shinseki, 23 Vet. App. 488 (2010), the Court held that 38 C.F.R. § 3.103(c) (2) requires that the individual who chairs a hearing must fully explain the issues and suggest the submission of evidence that may have been overlooked. 

The Veteran's bilateral hearing loss was noted at his entrance into service in 1983. At the December 2015 hearing, the undersigned VLJ did not discuss the concept of inservice aggravation of a preexisting disability, instead focusing on the requirements for direct service connection. 

While neither the Veteran nor his representative has asserted that VA failed to comply with 38 C.F.R. § 3.103(c) (2), nevertheless the Board finds that in order to afford the Veteran every due process protection, he should be afforded the opportunity to schedule another hearing. 

Accordingly, the case is REMANDED for the following action:

The Veteran should be scheduled for a Board video conference hearing in connection with this appeal. Thereafter, the case should be returned to the Board for further appellate consideration.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).



This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).





_________________________________________________
M. HYLAND
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).