# United States Court of Appeals for the Federal Circuit

---

**BOBBY G. SMITH,**
*Claimant-Appellant*

v.

**ROBERT A. MCDONALD,**
**Secretary of Veterans Affairs,**
*Respondent-Appellee*

---

2014-7054

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-3375, Judge Lawrence B. Hagel, Judge William Greenberg, Judge William A. Moorman.

---

Decided: June 17, 2015

---

MATTHEW J. ILACQUA, Chisholm Chisholm & Kilpatrick, Providence, RI, argued for claimant-appellant. Also represented by ZACHARY STOLZ, NICHOLAS L. PHINNEY, ROBERT VINCENT CHISHOLM; CHRISTOPHER J. CLAY, Disabled American Veterans, Cold Spring, KY.

K. ELIZABETH WITWER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by STUART F. DELERY, ROBERT E. KIRSCHMAN,

JR., MARTIN F. HOCKEY, JR; Y. KEN LEE, RACHAEL BRANT, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before PROST, *Chief Judge,* PLAGER, and WALLACH, *Circuit Judges.*

PLAGER, *Circuit Judge.*

This is a veterans case related to our prior ruling in *Nat'l Org. of Veterans Advocates, Inc. v. Sec'y of Veterans Affairs,* 725 F.3d 1312 (Fed. Cir. 2013) ("*NOVA*"). In *NOVA*, we approved a plan ("Plan") requiring the Department of Veterans Affairs ("VA") to take certain actions to identify and rectify harms caused by its wrongful application of a former version of 38 C.F.R. § 3.103.

In this case, pursuant to the Plan, the parties submitted a joint motion to recall a prior judgment of the U.S. Court of Appeals for Veterans Claims ("Veterans Court") and a motion for leave to file, out of time, a joint motion for remand. Bobby G. Smith appeals from the Veterans Court's per curiam order denying both motions.

We affirm because, contrary to Mr. Smith's assertions, neither our prior decisions nor the Plan precludes the Veterans Court from determining, in an appropriate case, whether a joint motion filed under the terms of the Plan nevertheless should be denied.

BACKGROUND

*NOVA Litigation and the Plan*

In August 2011, the VA published an immediately-effective final rule ("2011 Rule") that eliminated certain procedural due process and appellate rights that were previously provided under 38 C.F.R. § 3.103 for veterans appearing before the Board of Veterans' Appeals ("Board"). *See* Rules Governing Hearings Before the

Agency of Original Jurisdiction and the Board of Veterans' Appeals; Clarification, 76 Fed. Reg. 52,572-01 (Aug. 23, 2011); *see also* Rules Governing Hearings Before the Agency of Original Jurisdiction and the Board of Veterans' Appeals; Repeal of Prior Rule Change, 77 Fed. Reg. 23,128-01 (Apr. 18, 2012) (repealing prior rule change). The 2011 Rule contravened *Bryant v. Shinseki*, 23 Vet. App. 488 (2010), in which the Veterans Court found that the due process and appellate rights at issue applied not only to hearings before the Agency of Original Jurisdiction but also to hearings before the Board.

In litigation before this court, brought by NOVA, the Government admitted that adoption of the 2011 Rule by the VA violated the law, specifically the Administrative Procedure Act, 5 U.S.C. §§ 500 *et seq. NOVA*, 725 F.3d at 1313–14. We agreed. Furthermore, after it became clear that the VA continued to apply the 2011 Rule despite having made prior assurances to the contrary, this court approved the Plan to identify and rectify harms caused by the VA's wrongful conduct. *Id.* at 1314–15.

In approving the Plan, we stated that:

we expect the VA to collaborate with appellant NOVA throughout the process of implementation, thus assuring that no veteran who is entitled to procedural and due process benefits under 38 C.F.R. § 3.103 will be denied such benefits. We note with some concern that some Board judges and attorneys continued to misapply the invalid 2011 Rule even after instructed otherwise. We trust that VA will take firm steps to ensure full compliance by all Board and staff with the Proposed Plan.

*Id.* at 1315.

The Plan required, *inter alia*, that the VA provide notice to every claimant who, in a hearing before the

Board, received a final Board decision during the period specified (identified by relevant search terms) in which the claimant did not receive a full grant of relief. *Id.* at 1314–15. Those search terms included any reference to 38 C.F.R. § 3.103 or *Bryant.*

Two kinds of cases were specially recognized. If a claimant had a case that was outside of the Board's jurisdiction—*e.g.*, because it had already been appealed—but mandate had not issued and the appellate court's judgment was not final, the VA was obligated to offer to submit a joint motion for remand or, as appropriate, to request that the Department of Justice ("DOJ") submit such a motion. If the mandate had issued, then the VA was required to offer to submit a joint motion to recall mandate and a joint motion for remand or, as appropriate, to request that the DOJ submit such motions.

### *This Appeal*

Mr. Smith served in the U.S. Army from November 1963 to November 1965. In February 2000, Mr. Smith filed a claim for service connection and compensation for post-traumatic stress disorder ("PTSD") with the VA. After the claim was initially denied, Mr. Smith filed a request to reopen the claim in July 2006. In January 2008, Mr. Smith was awarded service connection for PTSD with an assignment of a 100% disability rating and an effective date of July 3, 2006. In January 2009, Mr. Smith appealed the determination of the effective date to the Board, and in October 2011, the Board denied Mr. Smith entitlement to an earlier effective date.

Of critical importance, the Board did not apply the invalid 2011 Rule in its decision, although the Board decision did cite 38 C.F.R. § 3.103 and *Bryant*—two of the relevant search terms under the Plan. Mr. Smith then appealed the Board's decision to the Veterans Court.

Before the Veterans Court, Mr. Smith asserted that the Board had erred by failing to apply 38 C.F.R. § 3.156(c) to his case—a regulation that was not at issue in *NOVA*. On May 21, 2013, the Veterans Court, in a decision by a single judge, affirmed the Board's decision. On July 10, 2013, the Veterans Court, in a per curiam decision by a three-judge panel, adopted the earlier single-judge decision. On August 1, 2013, five days before this court's decision in *NOVA*, the Clerk of the Veterans Court entered judgment in Mr. Smith's case.

In September 2013, the parties, pursuant to the Plan that we approved in *NOVA*, filed a joint motion to recall the Veterans Court's judgment, though mandate had not yet issued, and a joint motion for leave to file a joint motion for remand out of time. The parties filed the motions because, even though the Board did not apply the invalid 2011 Rule, the Board's decision fit the search terms profile under the Plan and therefore triggered the VA's obligation to offer to submit a joint motion under the Plan. In particular, the Board in Mr. Smith's case did not grant full relief and cited 38 C.F.R. § 3.103 and *Bryant*— even though the Board clearly relied on a 2009 version of § 3.103 and did not apply or rely on the invalid 2011 Rule.

This is clear from the language of the Board's decision:

> In *Bryant v. Shinseki,* 23 Vet[.] App[.] 488 (2010), the Court held that 38 C.F.R. [§] 3.103(c)(2)(2009) requires that the Veterans Law Judge who chairs a hearing fulfill two duties to comply with the above the [*sic*] regulation. These duties consist of (1) the duty to fully explain the issues and (2) the duty to suggest the submission of evidence that may have been overlooked. Here, during the hearing, the Veterans Law Judge outlined the issue on appeal and suggested that any evidence tending to show that a viable claim was filed prior

to July 3, 2006 would be helpful in establishing the earlier effective claim. Moreover, neither the Veteran nor his representative has asserted that VA failed to comply with 38 C.F.R. [§] 3.103(c)(2); they have not identified any prejudice in the conduct of the Board hearing.

J.A. 69.

The parties recognized these realities in their joint motion to recall the Veterans Court's decision:

Although no application of the 2011 Rule is apparent from the Board's decision, VA is mindful of the Federal Circuit's goal of "assuring that no veteran who is entitled to procedural and due process benefits under 38 C.F.R. § 3.103 will be denied such benefits." To further this goal and ensure that any affected veterans obtain relief, VA is offering the opportunity for a new Board decision to any claimant whose previous decision meets the technical criteria of the plan regardless of whether actual prejudice is apparent.

J.A. 19.

In response, on January 13, 2014, the Veterans Court denied both joint motions and held that "where, as here, the parties have not shown, and the Court cannot discern, that the Board did or may have applied the invalid 2011 Rule, the parties have not demonstrated good cause for their motion and the Court will not exercise its discretion to recall its judgment." *Smith*, 26 Vet. App. at 411. The Veterans Court noted that "it is clear on the face of the Board's decision that the Board cited and applied the correct law and not the invalid 2011 Rule. Further, in their joint motion to the Court, the parties admit that the Board did not apply the 2011 Rule." *Id.*

Mr. Smith filed a timely appeal. Before this court, Mr. Smith characterizes the Plan as a settlement agree-

ment and argues that the Veterans Court failed to "enforce" the settlement agreement; Mr. Smith requests that we remand his case to the Veterans Court with instructions that it "enforce" the settlement agreement approved by this court in *NOVA*.

## DISCUSSION

We have jurisdiction in this matter, and we review the Veterans Court's denial of a motion for recall and to remand under an abuse of discretion standard. *Maggitt v. West*, 202 F.3d 1370, 1379–80 (Fed. Cir. 2000).

We take this opportunity to make clear what should be clear, so that future litigants will not occupy unnecessarily either the Veterans Court's time or ours. On appeal, Mr. Smith characterizes the Plan as a settlement agreement and argues that the Veterans Court failed to enforce that settlement agreement—implying that the Veterans Court had no choice but to grant every joint motion submitted pursuant to the Plan. Mr. Smith states that "the only question for this Court to answer is whether the Veterans Court had an obligation to enforce the agreement." Appellant's Reply Br. at 7.

Similarly, he states that:

the only matter for this Court to address is whether the Veterans Court misinterpreted the agreement by not treating it as enforceable law. Regardless of the central purpose of the settlement plan, since the Veteran's case is covered by the document, the Veterans Court erred by not following the settlement plan and prejudiced the Veteran by not remanding his case since he may have been able to provide additional evidence to support his claim upon its return to the Board.

*Id.*

Mr. Smith's argument, that the Veterans Court's decision to deny the joint motion in this particular case somehow constitutes a failure to enforce a settlement agreement, is misguided. The Plan does not require that the Veterans Court grant every single joint motion filed pursuant to the Plan merely because such a motion is proffered pursuant to the search terms used in the Plan. Neither the Plan nor our prior *NOVA* decisions purport to remove the Veterans Court's ability to consider the merits of such motions or its discretion to grant or deny them. Mr. Smith does not challenge that determination on the merits in this appeal. Instead, he argues that, since the joint motion was filed pursuant to the Plan, the Veterans Court erred simply because it denied the motion, regardless of the merits of the motion itself.

The Plan requires, *inter alia*, that the VA provide notice to every claimant who had a hearing before the Board and who received a final Board decision that was identified by relevant search terms in which the claimant did not receive a full grant of relief. *NOVA*, 725 F.3d. at 1314–15. The Plan also requires that, if certain conditions are met, the VA offer to submit a joint motion to recall or a joint motion for remand, or both.

Mr. Smith does not argue that the VA failed to abide by its obligations under the Plan in any respect. He fails to identify any breached provision of the Plan that the Veterans Court somehow failed to enforce. In short, his argument on appeal—that the Veterans Court erred by failing to grant the motion on the grounds that the motion had to be granted simply because it was proffered pursuant to the Plan—is mistaken.

On these facts there is no question that the Veterans Court's decision neither contravened our *NOVA* decisions nor the Plan itself. Neither the requirements of the Plan nor the language of our decisions in the *NOVA* litigation bound the Veterans Court to automatically grant a joint

motion to recall or remand simply because such a motion was proffered; the Plan requirement was that the VA, when the conditions specified in the Plan were met, offer a joint motion. There is no suggestion that the VA failed in its duties under the Plan or our prior decisions.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the Veterans Court.

**AFFIRMED**