NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHNNY R. WILLIAMS,**

*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2015-7105

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-2421, Judge Alan G. Lance, Sr.

---

Decided: December 15, 2015

---

JOHNNY R. WILLIAMS, Mansura, LA, pro se.

SOSUN BAE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by SCOTT D. AUSTIN, ROBERT E. KIRSCHMAN, JR., BENJAMIN C. MIZER; Y. KEN LEE, JONATHAN ELLIOTT TAYLOR, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before O'MALLEY, PLAGER, and WALLACH, *Circuit Judges.*

PER CURIAM.

Appellant Johnny R. Williams seeks review of the June 15, 2015 decision of the Court of Appeals for Veterans Claims ("Veterans Court") affirming the July 10, 2015 decision of the Board of Veterans' Appeals ("Board"). For the reasons below, we *dismiss* Williams' appeal for lack of jurisdiction.

## BACKGROUND

Williams served on active duty from July 1974 to March 1976 and from April 1981 to September 1981. Joint Appendix ("JA") 55. Williams applied for entitlement to service connection for (1) lung disease, (2) residual disability as a result of stroke, and (3) a brain tumor, claiming that these diseases resulted from his prior asbestos exposure while in service. Williams also applied for entitlement to service connection for depression and hypertension. JA 7. Williams testified at two hearings, before the Veterans Administration Regional Office ("RO") in March 2004 and before a Veterans Law Judge ("VLJ") from the Board in August 2005.

We briefly review the procedural posture of Williams' present appeal. The Board initially denied Williams' claims in May 2012, and the Veterans Court affirmed in a June 2013 decision. JA 56. Subsequently, in August 2013, this Court implemented a remedial plan for the Department of Veterans Affairs ("VA"). *See Nat'l Org. of Veterans Advocates, Inc. v. Sec'y of Veterans Affairs*, 725 F.3d 1312 (Fed. Cir. 2013) ("*NOVA*"). As set forth in this remedial plan, the VA agreed to, *inter alia*, move for remand of appropriate cases in which an invalidated 2011

VA rule[1] had "eliminated veterans' procedural due process and appellate rights that were previously provided under 38 C.F.R. § 3.103." *Id.* at 1313; *see generally* 38 C.F.R. § 3.103(a) ("Every claimant has the right to written notice of the decision made on his or her claim, the right to a hearing, and the right of representation.").

Pursuant to the remedial plan, on October 23, 2013, the VA moved for a voluntary remand of Williams' case, which we granted. *Williams v. Shinseki*, No. 2013-7115, 2014 WL 463017 (Fed. Cir. Oct. 23, 2013); JA 26-30. Afterwards, on February 6, 2014, the Veterans Court vacated the Board's 2012 decision and remanded to the Board for additional proceedings. JA8.

On remand, the Board sent written notice to Williams explaining that "the May 31, 2012, Board decision may have applied an invalidated rule relating to the duties of the [VLJ] who presided at your Board hearing," and notified Williams that he "may choose to have a new hearing at which [he would] also have the opportunity to submit additional evidence." JA 47. In May 2014, Williams responded, indicating that he did not "want to appear at a new hearing." JA 53.

Thereafter, the Board proceeded to adjudicate the merits of Williams' claims. Upon reviewing the evidence and testimony from Williams' prior hearings, the Board denied Williams' claims. JA 74. In its opinion dated July 10, 2014, the Board noted that, during Williams' prior hearings, the VLJ and the Decision Review Officer "asked specific questions . . . directed at identifying the criteria for service connection," and "sought to identify any perti-

---

[1] *See Rules Governing Hearings Before the Agency of Original Jurisdiction and the Board of Veterans' Appeals; Clarification*, 76 Fed. Reg. 52,572 (Dep't of Veterans Affairs Aug. 23, 2011).

nent evidence not currently associated with the claims." JA 60. Moreover, the Board found that "the hearings focused on the elements necessary to substantiate [Williams'] claims, and [Williams], through his testimony, demonstrated that he had actual knowledge of the elements necessary to substantiate his claim." *Id.* The Board therefore concluded that Williams "is not shown to be prejudiced," and that "consistent with *Bryant* [*v. Shinseki*, 23 Vet. App. 488 (2010),] the VLJ complied with the duties set forth in 38 C.F.R. § 3.103(c)(2)." JA 60-61.

Williams requested reconsideration of the Board's decision, explaining that he had erred in deciding not to request a new hearing, and that he had now changed his mind and wanted a hearing. JA 77. The Board denied Williams' request for reconsideration on September 3, 2014, finding that Williams' request "does not demonstrate that the Board decision contains obvious error of fact or law." JA 80.

Williams then appealed to the Veterans Court, arguing that the VA failed to satisfy its duty to assist, and requested a new hearing. JA 8. The Veterans Court found that, by providing Williams with notice and an opportunity for a post-*NOVA* hearing, the Board "substantially complied with the Court's remand." *Williams v. McDonald*, No. 14-2421 (Vet. App. June 15, 2015). Noting that Williams had declined the opportunity for a new hearing, the Veterans Court held that it had "no basis upon which to disturb the Board's decision" and that a new hearing was not warranted. JA 8-9. Accordingly, the Veterans Court affirmed the Board's July 10, 2014 decision. JA 9. The Veterans Court also noted that it did not have jurisdiction over the Board's denial of Williams' motion for reconsideration, since Williams did not allege any new evidence or changed circumstances in his motion for reconsideration. JA 9.

Williams now appeals the judgment of the Veterans Court.

### DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited. We have jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010) (citing 38 U.S.C. § 7292(c)). "Absent a constitutional issue, however, we lack the jurisdiction to 'review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.'" *Id.* (quoting 38 U.S.C. § 7292(d)(2)).

Here, Williams asks us to "[p]lease review [38 C.F.R. §] 3.103 . . . in my claim." Appellant Br. at 1. The VA responds that we lack jurisdiction over Williams' claim and that, even if we had jurisdiction, the VA fulfilled its duties under the *NOVA* remedial plan and decisions. Respondent Br. at 14 (citing *Smith v. McDonald*, 789 F.3d 1331, 1335 (Fed. Cir. 2015) (holding that the VA had satisfied its duties under the *NOVA* remedial plan by filing a joint motion for the Veterans Court to remand the veteran's case to the board, even though the Veterans Court had denied the motion)).

We agree with the VA that we lack jurisdiction over Williams' appeal. Though Williams asks us to review § 3.103, we note that the Veterans Court did not interpret that regulation in adjudicating Williams' appeal. Williams' dispute over the correctness of the Veterans Court's judgment therefore does not raise a challenge regarding "the validity of any statute or regulation or any interpretation thereof," nor does Williams contest the interpretation of any constitutional or statutory provision. *See* 38 U.S.C. § 7292(c). He merely disagrees with the Veterans

Court's refusal to accede to Williams' belated request for a new hearing. That judgment does not concern any issue over which we have jurisdiction. *See Githens v. Shinseki*, 676 F.3d 1368, 1372 (Fed. Cir. 2012) ("We have no jurisdiction over an issue of interpretation that does not exist.").

The Veterans Court's decision on appeal was limited to a determination of whether the Board had "substantially complied" with the Veterans Court's February 2014 remand order, in view of the fact that Williams declined the opportunity for a hearing in the first instance. JA 9. Though Williams does not specify his grounds for appeal, he appears to argue that the Veterans Court should have found that the Board, in declining to provide Williams a hearing once he changed his mind with respect to his desire for one, failed to comply with its obligations under § 3.103. This issue, however, is directed to the application of law to the facts of a particular case, and is thus outside the scope of our review. *See* 38 U.S.C. § 7292(d)(2). Accordingly, we lack jurisdiction over Williams' appeal.

CONCLUSION

Williams' appeal arises from a judgment in which the Veterans Court merely applied the law "to the facts of a particular case," which is a matter over which we lack jurisdiction. *See Wanless*, 618 F.3d at 1336. We therefore must dismiss Williams' appeal.

**DISMISSED**