Citation Nr: 1528166 
Decision Date: 06/30/15 Archive Date: 07/09/15

DOCKET NO. 05-41 330 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUES

1. Entitlement to an initial evaluation in excess of 10 percent for left hip arthritis.

2. Entitlement to an initial evaluation in excess of 20 percent for a left foot disability, formerly rated as bilateral plantar fasciitis, since June 29, 2009.

3. Entitlement to an initial evaluation in excess of 20 percent for a right foot disability, formerly rated as bilateral plantar fasciitis, since June 29, 2009.


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

W. H. Donnelly, Counsel


INTRODUCTION

The Veteran served on active duty with the United States Army from March 2003 to September 2004.

These matters come before the Board of Veterans' Appeals (Board) on appeal from a January 2005 rating decision by the Columbia, South Carolina, Regional Office (RO) of the United States Department of Veterans Affairs (VA), which in pertinent part granted service connection for left hip and bilateral foot disabilities, each rated 10 percent disabling from September 10, 2004.

In February 2010, the Veteran testified at a hearing held before the undersigned Veterans Law Judge (VLJ) at the RO; a transcript is associated with the claims file. Based in part on that testimony, the Board in August 2011 issued a rating decision denying an increased evaluation for a left hip disability, and granting separate 20 percent evaluations for the left and right feet, effective from June 29, 2009. 

The Board's August 2011 decision was then vacated in its entirety in April 2014, pursuant to a settlement agreement in National Org. of Veterans' Advocates, Inc. v. Secretary of Veterans Affairs, 725 F. 3d 1312 (Fed. Cir. 2013), involving an invalidated rule regarding the duties of a VLJ at hearing. The Board then issued a new decision in May 2014. At that time, the Board noted that the RO had already implemented the grant of increased ratings for the left and right foot disabilities; these remained in effect.

The Veteran appealed the May 2014 decision to the Court of Appeals for Veterans Claims (CAVC or the Court) which in April 2015, on the basis of a Joint Motion for Remand, vacated the above issues and remanded them to the Board for further action. All other issues addressed by Board in the May 2014 decision were abandoned by the Veteran, and the Board's determinations with regard to them are final.

A claim for increased evaluation includes a claim for a finding of total disability based on individual unemployability (TDIU) where there are allegations of worsening disability and related unemployability. Rice v. Shinseki, 22 Vet. App. 447 (2009). As was noted in May 2014, the Board finds no basis for inference of a TDIU claim at this time; the evidence of record indicates that the Veteran continues to work and has not alleged unemployability.

The Veteran's file has been scanned, and converted from a hybrid paper and electronic file to a purely electronic file. The Board has reviewed the records and documents maintained in Virtual VA and the Veterans Benefits Management System (VBMS) to ensure consideration of the totality of the evidence. Any future consideration of this Veteran's case should take into consideration the existence of this electronic record.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Consistent with the Court's directives, the appeals are remanded for further development to comply with VA's duty to assist the Veteran in substantiating his claims. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159.

Left Hip

The Court found that the June 2009 VA examination relied upon by the Board was not adequate for adjudication, as the examiner failed to address the functional loss, if any, of the joint on flare-ups or with repetitive use. "The June 2009 VA examiner did not quantify the Appellant's range of motion loss due to pain; did not specifically opine whether Appellant's pain during flare-ups caused additional functional loss (but rather reported Appellant's impression of such); and did not attempt to measure any such functional loss as additional degrees of limitation of motion during flare-ups, or explain why such measurements were not feasible." Additionally, an updated VA examination is required, based on reports in treatment records of increased pain since June 2009. Remand is therefore required to obtain additional medical information.

Left and Right Feet

In May 2014, the Board found that updated VA examinations were not necessary, as although treatment records since June 2009 did show complaints of increased pain, such were attributable to nonservice-connected causes, or did not reflect sustained, chronic worsening. The Court disagreed, and found the complaints raised sufficient possibility of a material change in the Veteran's condition as to trigger the need for a contemporaneous examination.

Accordingly, the case is REMANDED for the following action:

1. Associate with the claims file updated VA treatment records from the Birmingham, Alabama, VA medical center (VAMC) and all associated clinics, as well as any other VA facility identified by the Veteran or in the record, for the period of January 2014 to the present.

2. After completion of the above, schedule the Veteran for a VA Joints examination for the left hip; the claims folder must be reviewed in conjunction with the examination. If possible, the examination should be scheduled with Dr. I. Baren, who conducted the June 2009 examination.

The examiner is asked to do the following:

a) With regard to the June 2009 VA examination, quantify the extent of all functional limitation, to include limitation of range of motion, due to factors such as pain, incoordination, lack of endurance, fatigability, and weakness, during flare-ups and with repetitive motion. If it is not possible to quantify the impairment, such must be explicitly stated and reasons for the inability provided.

b) Describe in detail the current extent of all functional limitation, to include limitation of range of motion, due to factors such as pain, incoordination, lack of endurance, fatigability, and weakness, both normally and during flare-ups and with repetitive motion. If it is not possible to quantify the impairment, such must be explicitly stated and reasons for the inability provided.

3. Schedule the Veteran for a VA foot examination. The examiner must describe in detail the current extent of all functional limitation, to include limitation of range of motion, due to factors such as pain, incoordination, lack of endurance, fatigability, and weakness, both normally and during flare-ups and with repeated use. If it is not possible to quantify the impairment, such must be explicitly stated and reasons for the inability provided.

4. Review the claims file to ensure that all of the foregoing requested development is completed, and arrange for any additional development indicated. Then readjudicate the claims on appeal. If any of the benefits sought remain denied, issue an appropriate supplemental statement of the case and provide the Veteran and his representative the requisite period of time to respond. The case should then be returned to the Board for further appellate review, if otherwise in order.
The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
BETHANY L. BUCK
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).