Citation Nr: 1602918 
Decision Date: 01/29/16 Archive Date: 02/05/16

DOCKET NO. 06-21 788A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to service connection for a bilateral knee disability.


REPRESENTATION

Veteran represented by: The American Legion


WITNESSES AT HEARINGS ON APPEAL

The Veteran and his spouse


ATTORNEY FOR THE BOARD

Ashley Castillo, Associate Counsel


INTRODUCTION

The Veteran served on active duty from November 1972 to June 1975.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a May 2005 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. 

In November 2010, the Veteran presented sworn testimony during a Board hearing held in Washington, DC, before an undersigned Veterans Law Judge (VLJ). A hearing transcript is associated with the record. In the March 2011 Board decision, the Veteran's previously denied claim of entitlement to service connection for a bilateral knee disability was reopened and remanded for further development. In April 2012, the Board issued a decision that denied the claim on the merits. The Veteran appealed that decision to the U.S. Court of Appeals for Veterans Claims (Court). In a June 2013 Memorandum Decision, the Court vacated the April 2012 Board decision and remanded the matter for further action. 

Thereafter, pursuant to a settlement agreement in the case of National Org. of Veterans' Advocates, Inc. v. Secretary of Veterans Affairs, 725 F. 3d 1312 (Fed. Cir. 2013), the Veteran's April 2012 decision was identified as having been potentially affected by an invalidated rule relating to the duties of the VLJ who conducted the November 2010 hearing. In order to remedy any potential error, the Board sent the Veteran a letter in May 2014 notifying him of an opportunity to receive a new Board hearing, which he accepted. In August 2014, the Board remanded the claim to afford the Veteran a second Board hearing. 

In November 2015, the Veteran presented sworn testimony at a Board hearing before an undersigned VLJ at the RO. A hearing transcript is associated with the record. At this hearing, the Veteran waived his right to a third hearing with a VLJ who would be assigned to a panel to decide his appeal in accordance with Arneson v. Shinseki, 24 Vet. App. 379 (2011). See November 2015 Hearing Transcript at 2. It is noted that the law requires that the VLJ who conducts a hearing on appeal must participate in any decision made on that appeal, and that the matter will be decided by a three member panel of VLJs. See 38 U.S.C.A. § 7102 (West 2014); 38 C.F.R. 
§ 20.707 (2015). Unless waived, as here, a veteran is entitled to have an opportunity for a hearing before all Board members who will ultimately decide the appeal. See Arneson, supra.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). See 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

As indicated in the July 2013 Memorandum Decision, remand is necessary to attempt to obtain inpatient records relating to the Veteran's September 1973 and April 1974 knee surgeries during active duty.

Additionally, the April 2011 VA medical opinion obtained in this case addressing whether the Veteran's pre-existing bilateral knee disorder (genu varum) was aggravated during service is inadequate. Specifically, as part of the opinion's rationale, the examiner indicated that the Veteran checked "no" when asked at service separation whether he had any current knee problems. As noted by the Court, however, while the Veteran checked the "no" box regarding the presence of a "trick or locked knee" at service separation, he did endorse a history of "swollen or painful joints" and "cramps" in his legs at that time. Thus, the rationale was based on an inaccurate factual premise. Moreover, apart from the separation examination, the examiner's discussion was limited to records dated in January 1973 (knee injury from falling on ice), September 1973 (knee surgery) and August 1974 (report of knee pain), with examiner noting that service treatment records were "otherwise silent" for any knee symptoms. Additional pertinent evidence (including a January 1973 physical profile record, February and August 1973 records documenting "marked" tibial bowing and "severe" tibial genu varum, and the April 1974 knee surgery) was not addressed. The examiner also failed to address whether the Veteran's pre-existing bilateral knee disability was subject to any superimposed disease or injury during service as requested in the prior remand. Finally, the evidence of record raises additional questions as to whether the Veteran's pre-existing disability is of a congenital nature. Thus, an addendum opinion is warranted.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. With any necessary assistance from the Veteran, obtain separately stored inpatient records relating to the Veteran's September 1973 and April 1974 knee surgeries during active duty.

If any of the records requested are unavailable, clearly document the claims file to that effect, then notify the Veteran and allow him the opportunity to provide the records. See 38 C.F.R. § 3.159(e).

2. Then forward the claims file to an orthopedist for an addendum opinion. No additional examination of the Veteran is necessary, unless the examiner determines otherwise.

Following a review of the claims file, the orthopedist should address the following :

(A) Is the Veteran's bilateral genu varum a congenital or developmental "disease," a congenital or developmental "defect," or an acquired disability?
For VA adjudication purposes, "disease" generally refers to a condition considered capable of improving or deteriorating, whereas "defect" generally refers to a condition not considered capable of improving or deteriorating. (As an example, VA considers sickle cell anemia a congenital "disease" for VA purposes, whereas refractive error is considered a congenital "defect").

(B) If the response to question (A) is that the Veteran's bilateral genu varum is a congenital or developmental "defect," then is it at least as likely as not (50 percent or greater probability) that there was a superimposed injury or disease during service that resulted in additional disability of the knees? In addressing this question, the examiner should specifically discuss the January 1973 service treatment record documenting a fall on ice.

(C) (1) If the response to question (A) is that the Veteran's genu varum is either a congenital or developmental "disease" or an acquired disability, then did the Veteran's preexisting genu varum increase in severity during his service? In addressing this question, the examiner should specifically discuss the notation of "moderate" bow legs at enlistment, the February 1973 record discussing "marked" tibial bowing and the August 1973 notation of "severe" tibial genu varum, as well as the January 1974 physical profile record, in-service surgeries and endorsement of swollen or painful joints and cramps at service separation.
(2) If the response to question (C)(1) is that there was an increase in the severity of bilateral genu varum during service, then is there clear and unmistakable (obvious or manifest) evidence that the increase was due to the natural progress of genu varum? Please support your opinion with a robust rationale.

(3) If the response to question (C)(2) is that there is not clear and unmistakable evidence that the increase in service was due to the natural progress of bilateral genu varum, then is it at least as likely as not (50 percent or greater probability) that the Veteran's current bilateral knee disability, including osteoarthritis, is related to the in-service increase in severity of genu varum or documented fall on ice?

3. Then, after taking any additional development deemed necessary, readjudicate the issue on appeal. If the benefit sought on appeal remains denied, provide the Veteran and his representative with a supplemental statement of the case and afford them a reasonable opportunity to respond before the case is returned to the Board. 

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the Court for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



 
 MICHAEL A. HERMAN JAMES MARCH
 Veterans Law Judge Veterans Law Judge
 Board of Veterans' Appeals Board of Veterans' Appeals



 
SONNET BUSH
Veterans Law Judge
Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252, only a decision of the Board is appealable to the Court. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b).