http://www.va.gov/vetapp16/Files4/1630491.txt

Citation Nr: 1630491 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 06-01 256 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina

THE ISSUE

Entitlement to an initial evaluation in excess of 10 percent for the service-connected left knee disability.

REPRESENTATION

Appellant represented by: Disabled American Veterans

WITNESSES AT HEARINGS ON APPEAL

The Veteran and his spouse

ATTORNEY FOR THE BOARD

M. L. Marcum, Associate Counsel

INTRODUCTION

The Veteran served on active duty in the United States Army from September 1968 to July 1970. This case came before the Board of Veterans' Appeals (Board) on appeal from a June 2008 rating decision issued by Department of Veterans Affairs (VA) Regional Office (RO) in Columbia, South Carolina, which assigned an initial 10 percent evaluation for the Veteran's service-connected left knee disability, effective November 30, 2006, the effective date of service connection. 

In December 2009, the Veteran presented testimony at a Board videoconference hearing before the undersigned Veterans Law Judge (VLJ). A transcript of the hearing is of record. In August 2011, the Board denied the appeal for a higher initial rating for the service-connected left knee disability. Pursuant to a settlement agreement in the case of National Org. of Veterans' Advocates, Inc. v. Secretary of Veterans Affairs, 725 F.3d 1312 (Fed. Cir. 2013), the Board's August 2011 decision was identified as having been potentially affected by an invalidated rule relating to the duties of the VLJ who presided at the December 2009 hearing. In order to remedy any such potential error, the Board sent the Veteran a letter notifying him of an opportunity to receive a new hearing and/or a new decision from the Board. 

Subsequently, the Veteran requested to have the prior decision vacated and a new one issued in its place after another Board hearing was conducted. In June 2014, the Board vacated the denial of an initial disability rating in excess of 10 percent for the left knee disability. The Veteran was also afforded a Board hearing in Washington, DC, before the same VLJ in October 2014. A transcript of that hearing is of record. In January 2015, the Board remanded the appeal for further development.

In April 2016, the Veteran was notified that the VLJ who presided at his Board hearings was unavailable to participate in deciding his appeal. Therefore, the Veteran was offered an opportunity for a new hearing before a VLJ who would decide his appeal. In May 2016, the Veteran responded that he did not want to appear at another Board hearing. 

REMAND

Following its review of the record, the Board has determined that further action by the originating agency is required before the Board decides the appeal.

In May 2015, the Veteran underwent a VA knee examination. Regarding the Veteran's left knee, the VA examiner reported that initial range of motion testing revealed pain during flexion and extension which resulted in functional loss. The examiner also noted that there was evidence of pain with weight bearing. 

In a recent decision, the U. S. Court of Appeals for Veterans Claims (Court) held that a VA examination of the joints must, wherever possible, include range of motion testing, "for pain on both active and passive motion [and] in weight-bearing and nonweight-bearing." In addition, if applicable the examiner must provide range of motion findings for the "opposite undamaged joint." The Court further held that that if for some reason the examiner is unable to conduct the required testing or concludes that the required testing is not necessary, he or she should clearly explain why that is so. Correia v. McDonald, 13-3238 (Vet. App. July 5, 2016). 

In this case, the May 2015 VA examiner noted that there was evidence of pain with weight bearing; however, the examiner did not indicate whether the range of motion measurements reported were based on testing for active range of motion, passive range of motion, range of motion with weight bearing or range of motion without weight-bearing. 

Under these circumstances, the Veteran must be afforded a new VA examination to determine the current degree of severity of his left knee disability. 

Accordingly, this case is REMANDED to the RO or the Appeals Management Center (AMC), in Washington, D.C., for the following actions:

1. The RO or the AMC should undertake appropriate development to obtain any outstanding records pertinent to the Veteran's claim. If any requested records are not available, the record should be annotated to reflect such and the Veteran notified in accordance with 38 C.F.R. § 3.159(e).

2. Thereafter, the Veteran should be afforded a VA examination by an appropriate examiner to determine the current degree of severity of his left knee disability. All pertinent evidence of record should be made available to and reviewed by the examiner. Any indicated tests and studies should be performed. 

The RO or the AMC should ensure that the examiner provides all information required for rating purposes. In particular, the examiner should be directed to perform range of motion testing to determine the extent of limitation of motion due to pain on active motion and passive motion, and with weight-bearing and without weight-bearing. The examiner should also be directed to perform the same range of motion tests for the Veteran's right knee. If the examiner is unable to conduct the required testing or concludes that the required testing is not necessary, he or she should be directed to clearly explain why that is so.

3. The RO or the AMC should also undertake any other development it determines to be warranted.

4. Thereafter, the RO or the AMC should readjudicate the issue on appeal. If the benefit sought on appeal is not granted to the Veteran's satisfaction, the Veteran and his representative should be furnished an appropriate supplemental statement of the case and be afforded the requisite opportunity to respond. The case should then be returned to the Board for further appellate action.

By this remand, the Board intimates no opinion as to any final outcome warranted.

The Veteran need take no action until he is otherwise notified, but he may furnish additional evidence and/or argument during the appropriate time frame. See Kutscherousky v. West, 12 Vet. App. 369 (1999).

This REMAND must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. § 5109B (West 2014).

_________________________________________________
Shane A. Durkin
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).