Citation Nr: 1714105 
Decision Date: 04/28/17 Archive Date: 05/05/17

DOCKET NO. 04-13 220 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUES

1. Entitlement to an initial rating in excess of 20 percent for cervical strain on an extraschedular basis. 

2. Entitlement to an initial rating in excess of 20 percent for right carpal tunnel syndrome on an extraschedular basis. 

3. Entitlement to an initial compensable rating for onychomycosis, bilateral feet. 


REPRESENTATION

Appellant represented by: Vietnam Veterans of America


WITNESS AT HEARING ON APPEAL

Appellant

ATTORNEY FOR THE BOARD

Jarrette A. Marley, Counsel


INTRODUCTION

The Veteran served on active duty from June 1990 to July 2001 in the United States Navy. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from a May 2001 rating decision by the St. Petersburg, Florida Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida, which in part, granted service connection for cervical strain (rated 10 percent), right carpal tunnel syndrome (rated 10 percent), and onychomycosis, bilateral feet (rated 0 percent). The case has since been transferred to the jurisdiction of the Atlanta, Georgia RO. 

The Board remanded the case to the RO in August 2006 to afford the Veteran a hearing before a Veterans Law Judge. The Veteran testified in January 2007 at a Travel Board hearing before a Veterans Law Judge (VLJ). That VLJ is no longer employed at the Board, and in April 2009, the Veteran was notified of this and of his right to be afforded the opportunity for another hearing under 38 C.F.R. § 20.707. The Veteran declined another hearing. The Board subsequently remanded the case for further development in July 2007, August 2009, and May 2010. 

In a February 2012 decision, the Board increased the evaluations for a cervical strain and for right carpal tunnel syndrome from 10 to 20 percent, respectively, and denied the claim for an increased evaluation for onychomycosis. Pursuant to a settlement agreement in the case of National Org. of Veterans' Advocates, Inc. v. Secretary of Veterans Affairs, 725 F.3d 1312 (Fed. Cir. 2013), the Board's February 2012 decision was identified as having been potentially affected by an invalidated rule relating to the duties of the VLJ that conducted the January 2007 hearing. In order to remedy any such potential error, the Board sent the Veteran a letter notifying him of an opportunity to receive a new hearing and/or a new decision from the Board. Subsequently, the Veteran requested only to have the prior decision vacated and a new one issued in its place. The portion of the Board's February 2012 decision granting increased evaluations remained in effect. 

In an April 2014 decision, the Board denied entitlement to further increased evaluations. The Veteran subsequently appealed the decision to the United States Court of Appeals for Veterans Claims (Court). In a September 2015 Memorandum Decision, the Court set aside the Board's April 2014 decision as it pertained to increased evaluations on an extraschedular evaluation for a cervical strain and carpal tunnel syndrome, and onychomycosis, bilateral feet, on a schedular and extraschedular basis, and remanded this case to the Board for readjudication. In January 2016, the Board remanded this case for additional development. 

The issues of entitlement to initial disability ratings for cervical strain and right carpal tunnel syndrome (on an extraschedular basis) are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDING OF FACT

The Veteran's onychomycosis, bilateral feet, has been manifested by thick, discolored nails, and pain, throughout the appeal period. 


CONCLUSION OF LAW

The criteria for an initial rating of 10 percent, but no higher, for onychomycosis, bilateral feet, rated by analogy as a painful scar, have been more nearly approximated throughout the appeal period. 38 U.S.C.A. §§ 1155, 5107 (2014); 38 C.F.R. §§ 3.102, 4.115a, 4.115b, 4.118, Diagnostic Codes 7804, 7813 (2015). 


REASONS AND BASES FOR FINDING AND CONCLUSIONS

The Veteran contends that he is entitled to an initial compensable rating for onychomycosis, bilateral feet. See Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015). Specifically, the Veteran states that his onychomycosis, bilateral feet, should be rated by analogy under Diagnostic Code 7804. 

Disability ratings are based upon VA's Schedule for Rating Disabilities as set forth in 38 C.F.R. Part 4. The percentage requirements represent as far as can practicably be determined the average impairment in earning capacity in civil occupations. 38 U.S.C.A. § 1155. The disability must be viewed in relation to its history. 38 C.F.R. § 4.1. 

A higher evaluation shall be assigned where the disability picture more nearly approximates the criteria for the next higher evaluation. 38 C.F.R. § 4.7. Where, as here, entitlement to compensation has already been established and increase in disability rating is at issue, present level of disability is of primary concern. See Francisco v. Brown, 7 Vet. App. 55, 58 (1994). Thus, although the Board has thoroughly reviewed all evidence of record, the more critical evidence consists of the evidence generated during the appeal period. Further, the Board must evaluate the medical evidence of record and consider the appropriateness of a "staged" rating (i.e., the assignment of different ratings for distinct periods of time, based on the facts). See Hart v. Mansfield, 21 Vet. App. 505 (2007); see also Fenderson v. West, 12 Vet. App. 119 (1999). 

Initially, it should be noted that onychomycosis is not a listed disability under the Rating Schedule. 38 C.F.R. Part 4. In this case, the RO has rated onychomycosis, by analogy, under 38 C.F.R. § 4.118, Diagnostic Code 7813, for dermatophytosis. 

Diagnostic Code 7813 provides ratings for dermatophytosis (or ringworm) in various locations on the body, including the body (tinea corporis), the head (tinea capitis), the feet (tinea pedis), the beard (tinea barbae), the nails (tinea unguium), and the inguinal area, also known as jock itch (tinea cruris). Diagnostic Code 7813 provides that dermatophytosis is to be rated as disfigurement of the head, face, or neck (Diagnostic Code 7800), scars (Diagnostic Codes 7801, 7802, 7803, 7804, or 7805), or dermatitis (Diagnostic Code 7806), depending upon the predominant disability. 38 C.F.R. § 4.118. 

The Board notes that the criteria for rating skin disabilities were revised, effective August 30, 2002, and October 23, 2008. 67 Fed. Reg. 49,590 (July 31, 2002); 73 Fed. Reg. 54,708 (Sept. 23, 2008). The announcement of the final 2008 regulation specifically states that the new criteria apply "to all applications for benefits received by VA on or after October 23, 2008" and that a Veteran rated under the skin criteria in effect prior to that date may request review under the clarified criteria. As neither the Veteran nor his representative has requested such review, and his claim was received prior to October 23, 2008, it is not necessary for the Board to consider the revised criteria. 

Scars, other than those on the head, face, or neck, are rated under 38 C.F.R. § 4.118, Diagnostic Codes 7801 through 7805. 

Rating the Veteran's onychomycosis under either Diagnostic Code 7801 or 7802 would be inappropriate in this case as the disability is not shown to be deep (associated with underlying tissue damage) or cause limitation of motion, and it is not shown that it is a superficial scar that encompasses an area of 144 square inches. Hence, these Diagnostic Codes will not be addressed further. 

A 10 percent rating is authorized for superficial, unstable scars. 38 C.F.R. § 4.118, Diagnostic Code 7803. A note following this diagnostic code provides that an unstable scar is one where, for any reason, there is frequent loss of covering of the skin over the scar. Inasmuch as such criteria have not been met or alleged, this Diagnostic Code will not be addressed further. 

Under Diagnostic Code 7804, a 10 percent rating is authorized for superficial scars that are painful on examination. 38 C.F.R. § 4.118. Notes following Diagnostic Codes 7803 and 7804 provide that a superficial scar is one not associated with underlying soft tissue damage. 

Diagnostic Code 7805 provides that scars will be rated on limitation of motion of the affected part. 38 C.F.R. § 4.118. Inasmuch as the Veteran's onychomycosis is limited to his toenails, and there is no evidence or contention of limitation of motion, Diagnostic Code 7805 is not applicable in this case. 

Here, the clinical record reflects that the Veteran's onychomycosis, bilateral feet, is most appropriately rated by analogy under Diagnostic Code 7804 (for painful scars). The Veteran has credibly reported pain throughout the appeal period, and VA treatment records and VA examination reports note that his toenails are thick and discolored. See, e.g., February 2004 veteran statement (relating his nails hurt "pretty bad"); January 2007 Travel Board hearing (testifying his toenails are painful); September 2010 VA examination (stating his nails are painful). Therefore, based on The Veteran's competent and credible report of painful toenails, along with objective evidence of thick and disfigured toenails, the Board finds that a 10 percent rating is warranted throughout the appeal period. 

In order for the Veteran to satisfy the criteria for a rating in excess of 10 percent, the evidence would need to show that he has three or more painful scars, or that his scar is both unstable and painful. Inasmuch as the Veteran's onychomycoisis is rated by analogy to Diagnostic Code 7804, and the toenails as a whole are considered as a single painful scar, and there is no evidence or contention that his onychomycosis is unstable, the Board finds that a rating in excess of 10 percent for the Veteran's onychomycosis, bilateral feet, is not warranted. 


ORDER

Subject to the law and regulations governing payment of monetary benefits, a 10 percent rating, but no higher, throughout the appeal period for onychomycosis, bilateral feet, is granted. 




REMAND

As highlighted in the September 2015 Court Memorandum Decision, the Veteran's service-connected cervical strain and right carpal tunnel syndrome results in marked interference with employment. Indeed, the Court stated the record contained evidence that cervical strain resulted in sleep impairment, due in part to the effect of narcotic medication taken to treat that disability, which the Court declared was a problem not addressed by the rating schedule, and that this impairment interfered with employment. The Court added that there was also evidence of record that the Veteran's work performance was negatively affected by combined CTS and cervical pain. Therefore, the Board finds that an opinion should be obtained from the Director, Compensation Service, regarding the Veteran's claim for an increased rating for cervical strain and right carpal tunnel syndrome. See 38 C.F.R. § 3.321; see also September 2010 spine examination (noting the Veteran reported he missed 60 days from work in the past year, 50 days due to his lumbar spine/neck condition (both occurring together)). 

Accordingly, the case is REMANDED for the following action:

1. The RO should associate with the claims file updated VA treatment records since March 2016, as well as any identified outstanding private treatment records that have not been associated with the claims file, following the receipt of any necessary authorizations from the Veteran. 

2. Then, request an opinion from the Director, Compensation Service, whether the criteria for an extraschedular rating have been met for the Veteran's service-connected cervical strain and/or right carpal tunnel syndrome. 

3. Then readjudicate the issues on appeal. If the benefits sought on appeal remain denied, the Veteran and his representative should be issued a supplemental statement of the case and given a reasonable opportunity to respond.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).
This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).





______________________________________________
STEVEN D. REISS
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs